UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

          Plaintiff,

           v.                  Docket No.:  07 Cr. 980 (CLB)


ANTHONY RYPKA,

          Defendant.
-------------------------------------------------------X

---

## DEFENDANT ANTHONY RYPKA'S OMNIBUS MOTION

---

ANDREW C. QUINN, ESQ.
Quinn & Mellea, LLP
Attorney for ANTHONY RYPKA
399 Knollwood Road, Suite 220
White Plains, New York 10603
(914) 995-0555

## TABLE OF CONTENTS

NOTICE OF MOTION…………………………..……………………………………………     3

AFFIRMATION IN
SUPPORT…….…..………………….…………………………………………………     5

MEMORANDUM OF POINTS AND
AUTHORITIES…………………………………….............................................................     8

Introductory
Statement……………………………………………………….............................     8

    I.    Motion to Suppress Evidence Obtained From Search
        Warrant Signed on September 13, 2006 pertaining to
        Defendant's residence, Computers and
        Computer equipment…...…………….………………...………………     10

    II.    Motion To Suppress Statements Made By the
        Defendant to Law Enforcement Officers While
        in Custody for Failure of Law Enforcement
        Officials to Provide Miranda warnings ………………………………………     18

    Conclusion…………………………………………………………………………     22

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

(HONORABLE CHARLES L. BRIEANT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 07 Cr. 980 (CLB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S NOTICE** |
| ANTHONY RYPKA., | ) | **OF MOTION** |
| | ) | |
| Defendant. | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |

TO:          NICHOLAS MCQUAID, ASSISTANT UNITED STATES ATTORNEY:

ANTHONY RYPKA, by and through his counsel, brings this motion:

          I.          For an Order, suppressing all evidence obtained from the search warrant signed on September 13, 2006 by the Honorable Rory Bellantoni, County Court Judge, Westchester County, New York, which authorized the search of defendant ANTHONY RYPKA'S home located at 40 North Washington Street, Tarrytown, New York, and authorized the seizure computer equipment, cameras, notes, images or other documentation concerning online contact and/or sexual contact with minors; any and all images, whether in a computer or in tangible form, of minors engaged in sexual conduct, and any and all records of ownership and/or authorship residing on the seized computers that would be useful in ascertaining the ownership and control of the computers; and  any and all information present on the computers that would reveal any prior unauthorized use of the computers via "trap door" hacking programs, on the grounds that the search warrant affidavit failed to provide sufficient

probable cause to authorize the search of the defendant's residence of the seizure of property from within the defendant's residence, or, in the alternative, granting a pretrial hearing thereon; and

  II.  For an Order, suppressing from use at trial any and all statements made by the Defendant, ANTHONY RYPKA, to any and all law enforcement officials based upon the failure of arresting officers to provide so-called <u>Miranda</u> warnings to the defendant prior to questioning and while defendant was in the custody of such law enforcement officers; or, in the alternative, granting a pretrial hearing thereon, and

  For such other and further relief as this Court deems just and proper.  This motion is based on the attached memorandum of points and authorities.

        Respectfully submitted,


Dated: January 15, 2008     ANDREW C. QUINN, ESQ.
    White Plains, New York   Attorney for ANTHONY RYPKA


VIA ECF:  UNITED STATES DISTRICT COURT, SDNY
     Clerk of the Court
     300 Quarropas Street
     White Plains, New York 10601
     ***Courtesy Copy via First Class Mail***

     UNITED STATES ATTORNEY'S OFFICE, SDNY
     Attn.: Nicholas McQuaid, AUSA
     300 Quarropas Street
     White Plains, New York 10601
     ***Courtesy Copy via First Class Mail***

ANDREW C. QUINN, ESQ.
Quinn & Mellea, LLP
Attorney for ANTHONY RYPKA
399 Knollwood Road, Suite 220
White Plains, New York 10603
(914) 995-0555

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

(HONORABLE CHARLES L. BRIEANTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 07 Cr. 980 (CLB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **AFFIRMATION IN SUPPORT** |
| ANTHONY RYPKA | ) | **OF ALL MOTIONS** |
| | ) | |
| Defendant. | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |

I, ANDREW C. QUINN, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, and the District Court of the United States of America, Southern District of New York, affirm the following under penalty of perjury:

1.  I am the attorney representing Mr. Anthony Rypka in the above-captioned matter.  As such I am fully familiar with the facts, circumstances, pleadings and proceedings heretofore had herein.

2.  I make this affirmation in support of Mr. Rypka's Motions, as outlined in the Notice above, and for such other and further relief as this Court deems just and proper.

3.  I certify that any and all statements included in the within Memorandum of Points and Authorities, in support of Mr. Rypka's Motions that are not otherwise supported by cited authority are true and correct to my personal knowledge, information and belief.  My knowledge and belief are based upon my participation in the proceedings

of this matter heretofore had herein, investigation of this matter as performed in my

capacity as Counsel, review of documents and discovery provided thus far, conversations

with my client and review of the file as contained and kept in my office.


Dated:          January 15, 2008
                White Plains, New York




                                        ____/s/_____
                                        ANDREW C. QUINN, ESQ.


VIA ECF:        UNITED STATES DISTRICT COURT, SDNY
                Clerk of the Court
                300 Quarropas Street
                White Plains, New York 10601
                *Courtesy Copy via First Class Mail*

                UNITED STATES ATTORNEY'S OFFICE, SDNY
                Attn.: Nicholas McQuaid, AUSA
                300 Quarropas Street
                White Plains, New York 10601
                *Courtesy Copy via First Class Mail*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

(HONORABLE CHARLES L. BRIEANT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 07 Cr. 980 (CLB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF POINTS AND** |
| ANTHONY RYPKA, | ) | **AUTHORITIES IN SUPPORT OF** |
| | ) | **DEFENDANT'S MOTIONS** |
| Defendant. | ) | |
| | ) | |

## INTRODUCTORY STATEMENT

On September 13, 2006, defendant Anthony Rypka was arrested and eventually charged in a four (4) count indictment under Docket Number 07-CR-980(CLB) with one count of receiving and distributing material containing child pornography, to wit: computer files containing images of child pornography, in violation of 18 USC §2252A(a)(2)(B); knowing possession of materials that contained child pornography, to wit: computer files containing images of child pornography, in violation of 18 USC §2252A(a)(5)(B); possession of a fully automatic sub-machine gun, in violation of 18 USC §922(o); and possession of an unregistered firearm, to wit: a fully automatic sub-machine gun, in violation of 18 USC §5861(d).

The facts and circumstances which led to the instant indictment are as follows: On September 13, 2006, members of the New York State Police Department executed a search warrant at the home of defendant ANTHONY RYPKA. The facts in support of the search warrant were contained in an affidavit filed in support thereof by Investigator Denzil Fearon

(hereinafter "Fearon Affidavit"), which alleged that on June 26, 2006, the NYS Internet Crimes Against Children (ICAC) Task Force received a report of possible possession and dissemination of child pornography from the National Center for Missing and Exploited Children (NCMEC) Cyber Tip Line, which was reported by America Online on June 13, 2006. The report stated that an individual with the America Online screen name "Alertexchief" and the email address alertexchief@aol.com had emailed one image of child pornography to an unknown recipient on June 12, 2006. A subpoena served upon AOL identified the subscriber as defendant, residing at 40 North Washington Street, Tarrytown, New York.

Nearly three months later, on September 13, 2006, investigators with the New York State Police executed the search warrant at the defendant's residence. Multiple items, including a computer, computer equipment, thumb drives, flash drives, discs and related computer paraphernalia were removed. According to the indictment, a forensic examination of the hard drive and one of the thumb drives seized pursuant to the search warrant contained images of child pornography.

Following the execution of the search warrant, defendant was taken to the State Police Barracks located in Hawthorne, New York, where he was interrogated by members of the New York State Police. Although he was in custody, he was not given Miranda Warnings. Thereafter, the government alleges, defendant made several incriminating admissions, which were subsequently documented by law enforcement officials, and disclosed by the Office of the United States Attorney in accordance with Rule 16.

Defendant is a police officer in the Village of Tarrytown, New York. Prior to being arraigned, defendant was instructed by the arresting officers to surrender any firearms in his

possession. Defendant was instructed that failure to produce the firearms would result in a delay in the arraignment proceedings. Consequently, as a result of the statements made to him by law enforcement officials, defendant instructed his wife to surrender all weapons in the residence to a responding police officer. Following the surrender of approximately twelve (12) weapons, it was determined by a ballistics expert employed by the Westchester County New York Department of Public Safety that one of the weapons surrendered was an operable sub-machine gun, identified as a .45 caliber Thompson/Colt, model 1921.


I.      **MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SEARCH WARRANT EXECUTED ON SEPTEMBER 13, 2006 AT THE RESIDENCE OF THE DEFENDANT**

   A.      **The Standard Of Review For Probable Cause Under the Fourth Amendment**

   An affidavit in support of a search warrant must present the magistrate with a specification of the particular facts and circumstances asserted to establish probable cause sufficient to enable the magistrate to perform his duty *to make an independent assessment of the matter. See, e.g. Franks v. Delaware*, 438 U.S. 154, 165, S. Ct. 2674, 57 L. Ed. 2d 667 (1978); *U.S. v. Cancelmo*, 64 F.3d 805, 808 (2d Cir. 1995). "The issuing magistrate ordinarily considers only the facts set forth in supporting affidavits accompanying the warrant application." *US v Zayas-Diaz*, 95 F.2d 5 at 111 (1st Cir. 1996). In other words, "a magistrate is not entitled to rely on the judgment of law enforcement officials. He or she is expected to make an *independent judgment* of probable cause." *U.S. v. Davis*, 714 F.2d 896, 900 (9th Cir. 1983) (*Emphasis added).*

   "Search warrants are not directed at person; they authorize the search of places and the seizure of things, and as a constitutional matter they do not even name the person from whom the

things will be seized". *Zurcher v. The Stanford Daily*, 436 U.S. 547 (1998). The critical element in a reasonable search is not that the owner of the property is suspected of the crime, but that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought." *Id.*

A search warrant may issue only "upon probable cause", U.S.Const. amend. IV, and probable cause exists only where the known facts are sufficient to support a "reasonable belief" that "contraband of other evidence of a crime will be found". *Ornelas v. United States*, 517 U.S. 690, 696 (1996). A magistrate presented with a search warrant application must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place". *Illinois v. Gates*, 462 U.S. 213 (1983). The affidavit must provide sufficient facts to permit the judge to draw the inferences necessary to a finding of probable cause, and the judge must not merely rely without question on the assertions in the affidavit. *Giordenello v. United States*, 357 U.S. 480, 485-86 (1958). When reviewing an affidavit, the Court must balance the need to "safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime" against the need to "give fair leeway for enforcing the law in the community's protection". *Brinegar v. United States*, 338 U.S. 160, 175 (1949). The particular context, that is, "what must be proved" must be kept in mind. *United States v. Perez*, 247 F. Supp. 2d. 459, 475 (SDNY 2003).

The central requirement of the Fourth Amendment is "reasonableness". *Koch v. Town of Brattleboro, Vt.*, 287 F.3d 162, 166 (2d Cir. 2002). The "touchstone" of reasonableness is measured in objective terms by examining the totality of the circumstances. *Ohio v. Robinette*,

519 U.S. 33, 39 (1996). Generally, a Fourth Amendment examination "requires a contextualized reasonableness analysis that seeks to balance the intrusion on privacy caused by law enforcement against the justification asserted for it by the state. *Lauro v. Charles*, 219 F.3d 202, 2089 (2d Cir. 2000), *citing Graham v. Connor*, 490 U.S. 386, 396 (1989).Though reasonableness is most often considered in the context of warrantless searches or seizures, reasonableness is nonetheless required even when a warrant is procured. <u>Cf</u>. *United States v. Ramirez*, 523 U.S. 65, 71 (1998).

      **B.**     **The Subscriber Information, Standing Alone, Was Insufficient to Establish Probable Cause to Believe that Evidence of a Crime Would Be Found At the Defendant's Residence**

In the instant case, the Fearon Affidavit constitutes the sole basis upon which Judge Bellantoni issued the warrant for the search of the defendant's home and the seizure of the defendant's computer equipment. A careful reading of the warrant reveals that no facts were offered upon which Judge Bellantoni could have reasonably concluded that evidence of criminal activity was present in the defendant's residence. Therefore, the affidavit was insufficient, and all evidence recovered as a result thereof must be suppressed.

The warrant authorized the search of the defendant's home and authorized the seizure of computer evidence and equipment. The purpose of the search was to seize any and all evidence related to the presence of and transmission of child pornographic material purportedly present at the defendant's home.

Paragraphs three and four of the Fearon Affidavit were the operative paragraphs which set forth the claim for probable cause. Each paragraph reads as follows:

      3) On June 26, 2006, the NYS Internet Crimes Against

          Children (ICAC) Task Force received a report

possession/dissemination of child pornography from the National Center for Missing and Exploited Children (NCMEC) Cyber Tip Line, Report Number 398857 was reported by America Online on June 13, 2006, stating that an individual with the America Online screen name "alertexchief" and the Email address alertexchief@aol.com had emailed one image of child pornography.

4) The New York State Attorney General's Office served a subpoena upon America Online Inc. requesting subscriber information for the user of America Online Screen Name "alertexchief".  On July 11, 2006 AOL complied with the subpoena and the results of the subpoena revealed the following subscriber: Anthony Rypka, 40 North Washington Street, Tarrytown, New York, 10591 with a telephone number (914) 332-9426.  A check of the NYS Department of Motor Vehicle records also reveals that a subject with the name ANTHONY RYPKA resides at 40 North Washington Street, Tarrytown, NY.

Investigator Fearon assumed that the person who subscribed to the America Online (AOL) account with the screen name "alertexchief" was the same person as the individual who

emailed the child pornography image on June 13, 2006. This conclusion was mere speculation. Further, Fearon assumed that the June 13, 2006 email transmission was made from a computer located in the defendant's home located at 40 North Washington Street, Tarrytown, New York. A simple review and understanding of rudimentary internet technology establishes that Fearon's assumptions cannot rise to the level of probable cause sufficient to support a search warrant.

Anyone can email another by simply sending a message or image to another's known email address. The fact that a pornographic image was attempted to be emailed from the email address alertexchief@aol.com does not mean that the subscriber to the AOL account with the screen name "alertexchief" was the person who sent the email.

The facts known to Investigator Fearon were not sufficient to warrant a conclusion that the defendant had received or distributed a pornographic image from his home. An email address is a fluid item; it can be accessed anywhere with the use of laptops, hand held devices, and PDA's. It can be accessed from the subscriber's computer, or can be accessed from another person's computer, laptop, or hand held device. An email address is accessible and usable from anywhere in the world. It is accessible and usable from both public and private locations. In the age of wireless internet connections, it is accessible and usable both indoors and outdoors, and can be distributed from any location. From the screen name it can only be determined that a person with access to the internet provider - whether authorized or not - was the one uploading the image. A screen name can be used by anyone who has knowledge of it. It can connect to AOL from anywhere in the world as long as one has an internet connection. A screen name carries no identifiable geographic location and only shows that a person has the correct password. With technology being so evolved, the mere fact that an email subscriber is associated

with illegal activity does not lead to the logical or acceptable conclusion that such illegal activity occurred in the subscriber's home, or was committed by the subscriber.

Fearon never established, nor did he provide the issuing judge with sufficient information to reasonably conclude, that the computer purportedly located at 40 North Washington Street was the computer used to send the email. To the contrary, Fearon's Affidavit merely states that a subscriber address associated with the distribution of child pornography was located at the residence of the defendant.

Given Fearon's expertise and experience, he well knew – or should have known - that an "IP" address would be necessary to establish the identity of the computer used to transmit the offensive email and its location. Fearon also knew - or should have known - that there exists the technical capability for the location and identification of the computer that was actually used to distribute the images. Detection of the IP address would have established the physical location where the internet connection was made. An IP address (Internet Protocol Address) is a unique address that electronic devices such as a computer use to identify themselves on a network such as the internet. An internet service provider (ISP) such as AOL, Optimum Online, etc. assigns an IP address to the computers of its clients when the client initially goes on-line. With the existence of an IP address, the internet service provider is able to establish the general geographic location of the computer to which the address and the ISP were assigned.

An IP address provides basic geographical information as well as the identity of the ISP (the Internet Services Provider). Without an ISP address, no inference can be made about the location of the computer used in the transmission. With simply a user screen name, it is not

possible to establish where a person was communicating from, even if there exists a billing address associated with that user screen name.

With knowledge of an IP address, a law enforcement official can query the internet service provider and obtain the physical location of the computer. Without the IP address, there is no way to obtain that location: in this case, no effort was made to procure such an IP address. Without taking the next step necessary for identifying the IP address of the computer, Fearon's information was incomplete and thereby failed to establish a reasonable belief that the defendant transmitted the email and that he had done so from a computer located at his home.

Because the only evidence connecting the defendant's residence to potential criminal activity contained in the Fearon Affidavit related to the subscriber information, the evidence was insufficient to establish probable cause. Consequently, this Court is respectfully urged to suppress all the evidence seized pursuant to the warrant.

> **C. No Evidence that Illegal Images Were Downloaded onto Computers or Computer Equipment Located at Defendant's Residence was Included in the Fearon Affidavit. Thus, No Probable Cause To Search Defendant's Residence Existed.**

In *United States v. Perez* (247 F. Supp.2d 459 (SDNY 2003)), the issue of the sufficiency of a search warrant relating to internet child pornography was addressed directly. In that case, the Court ruled that an affidavit that listed the defendant as a member of an email group which had been set up for the purposes of exchanging child pornography was an insufficient basis upon which to enter defendant's residence and search for evidence of child pornography. Specifically, the Perez Court reviewed three Ninth Circuit cases, and found that, in those cases in which the

Ninth Circuit upheld the sufficiency of a search warrant based upon an internet investigation; those Courts first determined that law enforcement included "concrete evidence, and not just speculation, that the defendant had downloaded images of child pornography". *Perez* at 483.[1]

Fatal to the sufficiency of the search warrant affidavit, according to the *Perez* Court, was the simple fact that a computer subscription was not a reliable enough basis upon which to support a search warrant. As stated by the Court, it is not sufficient that "there was a chance, but not a fair probability, that child pornography would be found". *Perez* at 483.

In the instant case, the same can be said. No evidence is contained in the Fearon Affidavit which supported a "fair probability" that images would be discovered at the defendant's residence.

To the extent that the Government seeks to rely upon paragraph two (2) of the Fearon Affidavit in support of their argument that the warrant affidavit was sufficient, such a reliance, it is respectfully suggested, is misplaced. Paragraph two of the Fearon Affidavit states: "Based upon my training and experience, it is my opinion that collectors of child pornography maintain their collections over many years and do not destroy or discard their materials. Because these materials are illegal and difficult to obtain, once a collector procures them he will likely hoard them in a safe place, typically a private home". Fearon Affidavit, ¶2, p. 2.

Yet no information contained in the Fearon Affidavit suggests in any manner that defendant was a "collector of child pornography". To the contrary, the only allegation relating to defendant's use, possession and/or distribution of child pornography is contained in paragraph

---

[1] The *Perez* Court contrasted the decisions of the Ninth Circuit in *United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997), *United States v. Hay*, 231 F.3d 630 (9th Cir. 2000) and *United States v. Weber*, 923 F.3d 1338 (9th Cir. 1990).

three (3) of the Fearon Affidavit, which states that an individual with the "alertexchief" screen name had emailed "one image of child pornography". There is no suggestion in the warrant that illegal images had been distributed by that screen name on other occasions, or that more than a single image had ever been sent from "alertexchief". Further, there is no allegation that the "alertexchief" screen name user had received other images of child pornography. Thus, the claim that "collectors" typically hoard illegal images at home, while arguably true, is inapplicable here, since no evidence that "alertexchief" was a collector was proffered.

In essence, the Fearon Affidavit amounts to nothing more than a bootstrapping of inferences, which is an insufficient basis upon which to issue a search warrant. Simply put, the Fearon Affidavit required the issuing Judge to infer that "alertexchief" was defendant; that the screen name had not been compromised or used by anyone else[2]; that the defendant was using his home computer at the time he received/distributed the image; that the defendant was a collector of child pornography; that the defendant would download the images to a secure location for future viewing; that the secure location he chose was his residence; and that the images would still be at his residence three months after the one image was distributed and detected on June 12, 2006.

It is respectfully suggested that such a bootstrapping of inference upon inference does not meet the standard of probable cause and reasonableness the Fourth Amendment requires. Consequently, this Court must suppress all of the evidence recovered during the execution of the search warrant.

---

[2] Notably, because internet accounts are relatively easy to unlawfully access without the knowledge and/or authorization of the subscriber, anyone with a screen name is in jeopardy of having law enforcement officials enter their homes and seizing their computers merely because they were the victims of internet identity theft.

II.     **MOTION TO SUPPRESS STATEMENTS MADE BY THE DEFENDANT TO LAW ENFORCEMENT OFFICERS ON SEPTEMBER 13, 2006.**

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V.; *Miranda v. Arizona*, 384 U.S. 436, (1966).

The *Miranda* Court has long held that the constitutional privilege against self-incrimination required the creation of prophylactic procedural safeguards for use during interrogation. *Miranda* at 467. The safeguards require that a person in police custody "must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id*. at 479. These *Miranda* rights may be waived, "[b]ut unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him." *Id*.

*Miranda* protects by creating a presumption of coercion, and thus inadmissibility, for statements made during custodial interrogations in the absence of warnings. The presumption is irrebuttable for purposes of the prosecution's case in chief. *United States v. Patane*, 542 U.S. 630, 639 (2004). Thus, post-*Miranda*, an individual's trial privilege against self-incrimination was to be protected by an Exclusionary rule. "The *Miranda* exclusionary rule . . . serves the Fifth Amendment and sweeps more broadly than the Fifth Amendment itself . . . . consequently,

18

unwarned statements that are otherwise voluntary within the meaning of the Fifth Amendment must nevertheless be excluded from evidence under Miranda". *Oregon v. Elstad*, 470 U.S. 298, 306-307 (1985). "*Miranda*'s preventive medicine provides a remedy even to the defendant who has suffered no identifiable constitutional harm." *Elstad*, 470 U.S. 298, 306-307, *citing New York v. Quarles,* 467 U.S. 649 (1984).

In the instant case, defendant was interrogated without the benefit of *Miranda* warnings by members of the New York State Police. At no time did the interrogating officers advise the defendant of his rights pursuant to *Miranda v. Arizona*, nor did they advise him that he had the right to counsel, or the right to remain silent. Defendant was in the presence of at least two (2) police officers, and was present in the State Police Barracks at Hawthorne, New York while he was being questioned. His presence in the barracks was not voluntary or consensual.

In light of the foregoing, it is respectfully requested that all statements made by the defendant be suppressed. In the alternative, request is hereby made that the Court conduct a pretrial hearing to determine the admissibility of all statements made by the defendant which the Government intends to use at the trial of the instant matter.

**CONCLUSION**

Wherefore, your affirmant respectfully pray that Orders issue granting to Defendant Anthony Rypka, the relief sought within all instant motions; together with such other and further relief as to this Court seems just and proper.

Dated: January 15, 2008
        White Plains, New York

Respectfully Submitted,

_____/s/_____
ANDREW C. QUINN, ESQ.

## <u>CERTIFICATION OF SERVICE</u>

ANDREW C. QUINN, ESQ., an attorney duly admitted to practice law before the Courts of the United States, Eastern District of New York, affirms the following under penalty of perjury:

That I am the attorney for Defendant ANTHONY RYPKA in the above-entitled action; that I am not a party to this action; and that on the 15th day of January, 2008, I served the annexed OMNIBUS MOTION, by ECF, to the following:

U.S. ATTORNEYS' OFFICE, EDNY
Attn.: Nicholas McQuaid, AUSA
300 Quarropas Street
White Plains, New York 10601
***Courtesy Copy via First Class Mail***

Dated:        January 15, 2008
              White Plains, New York

_____/s/_____
Andrew C. Quinn, Esq.