UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA

- v -                                                07 Cr. 980 (CM)

ANTHONY RYPKA,

                Defendant.

---

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO A SEARCH WARRANT AND GRANTING DEFENDANT A HEARING ON HIS MOTION TO SUPPRESS STATEMENTS MADE TO LAW ENFORCEMENT**

McMahon, J.:

    Anthony Rypka is charged in a four-count Indictment with child pornography and weapons offenses. Defendant moves this Court for an order suppressing (1) all evidence seized pursuant to a search warrant authorizing the search of his residence, and (2) statements defendant made to law enforcement officers. In the alternative, defendant moves for an order granting an evidentiary hearing on the suppression issues.

    The Government opposes the motions.

<u>The Search Warrant and the Fearon Affidavit</u>

    On or about September 13, 2007 County Court Judge Rory Bellantoni ("Judge Bellantoni" or "Issuing Judge"), sitting as a Judge of the Town of Tarrytown, granted a search warrant for 40 North Washington Street, Tarrytown, New York. <u>See</u> Search Warrant ("Exhibit A"). On or about September 14, 2006, investigators with the New York State Police executed the search warrant at 40 North Washington Street. <u>See</u> Complaint ("Exhibit C") ¶ 5. The Search Warrant was issued

based on the following facts set forth in the affidavit of Investigator Denzil Fearon of the New York State Police. See Fearon Aff. ¶ 1.

On or about June 26, 2006, the New York State Internet Crimes Against Children Task Force received a report of possession/dissemination of child pornography from the National Center for Missing and Exploited Children (NCMEC) Cyber Tip Line. See Fearon Aff. ¶ 3. NCMEC report number 398857 ("NCMEC Report"), contained information submitted to NCMEC from American Online ("AOL") on June 13, 2006. Id. AOL reported that an individual with the AOL Screen name "alertexchief" and the email address alertexchief@aol.com had emailed one image of child pornography ("June Email"). Id. The image in the June email was verified to be an image of a minor by NCMEC, which maintains a database of known images of child pornography. Id. ¶ 5.

The New York State Attorney General's Office learned that according to American Online ("AOL") records, the subscriber for "alertexchief" was: Anthony Rypka, 40 North Washington Street, Tarrytown, NY 10591, (914) 332-9426. Id. The New York State Department of Motor Vehicle Records confirmed that an "Anthony Rypka" lived at 40 North Washington Street, Tarrytown NY. Id.

Drawing on his training and experience, Inspector Fearon described characteristics of child pornography collectors relevant to determining whether there was probable cause to search 40 North Washington Street, namely that "collectors of child pornography maintain their collections over many years and do not destroy or discard their materials. Because these materials are illegal and difficult to obtain, once a collector procures them he will likely hoard them in a safe place, typically a private home." Id. ¶ 2.

The Charges

Rypka was charged in a two-count criminal complaint in July 2007. On October 23, 2007, a grand jury sitting in the Southern District of New York returned a four-count Indictment against him. Count One charges the defendant with receiving and distributing computer files containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(B); Count Two charges the defendant with knowing possession of computer files containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B); Count Three charges the defendant with possession of a fully automatic sub-machine gun, in violation of Title 18, United States Code, Section 922(o); and Count Four charges the defendant with possession of an unregistered firearm, in violation of Title 26, United States Code, Section 5861(d). See Indictment.[1]

Motion to Suppress Evidence Seized Pursuant to Search Warrant

The defendant seeks to suppress all evidence that was obtained pursuant to the Search Warrant on the grounds that there was not probable cause to support a search of his home. See Rypka Pretrial Mot. at 11; Quinn Aff. ¶ 1. Specifically, he argues that (1) there was no basis from which the issuing judge could conclude that it was the defendant who sent the June Email, Rypka Pretrial Mot. at 12-13; (2) that there was no basis to conclude that the June Email was sent from the defendant's residence, id. at 13-14; and (3) that there was no evidence any images sent in the June Email would be found at the defendant's residence because there was no reason to assume that he was a "collector" of child pornography, id. at 16-17.

---

[1] Defendant is a police officer in the Village of Tarrytown, New York. When defendant was arrested, he was directed to surrender all of his firearms. Among the cache of firearms defendant turned over was a fully automatic sub-machine gun. It is this weapon that is the subject of Counts Three and Four.

The legal standard for determining whether a particular search warrant application is supported by probable cause is well established: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before him . . . there is a *fair probability* that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983) (emphasis added).

The duty of a court reviewing a lower court's probable cause determination is "simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." Gates, 462 U.S. at 238-39 (internal quotations omitted); see United States v. Rosa, 11 F.3d 315, 326 (2d Cir. 1993). "A search warrant issued by a neutral and detached magistrate is entitled to substantial deference, and 'doubts should be resolved in favor of upholding the warrant.'" *Rosa*, 11 F.3d at 326 (quoting United States v. Travisano, 724 F.2d 341, 345 (2d Cir. 1983)); see Gates, 462 U.S. at 236; Smith, 9 F.3d at 1012. Indeed, "the magistrate's finding of probable cause is itself a substantial factor tending to uphold the validity of [the] warrant." Travisano, 724 F.2d at 345; accord United States v. Jackstadt, 617 F.2d 12, 13 (2d Cir. 1980).

Rypka's various attacks on the Fearon affidavit fail to undermine Judge Bellantoni's finding of probable cause.

The facts presented in the Fearon Affidavit established beyond any doubt that a crime had been committed. The NCMEC report identified an image containing known child pornography that had been sent by email, and therefore had been distributed over the internet. Subscriber information identified the AOL email address that sent the email as belonging to **Anthony Rypka** at the address **40 North Washington Street, Tarrytown, New York**. Records from the New York State Department of Motor Vehicles confirmed that an Anthony Rypka lived at 40 North Washington

4

Street. Rypka's argument that there was **no basis** for Judge Bellantoni to have concluded that it was Rypka who sent the June Email is erroneous. His conclusion may have been wrong, but there was certainly a basis on which the judge could reach that conclusion.

Similarly unavailing is Rypka's argument that Judge Bellantoni lacked information that evidence of child pornography would be found in defendant's home at 40 North Washington Street. Given the pattern of behavior associated with collectors of child pornography, discussed in the Fearon affidavit, there was reason to conclude that the image sent from the alertexchief email account would still be maintained by the collector who had sent the email, and that the collection would be "hoard[ed] in a safe place, typically a private home." Fearon Aff. ¶ 2. Since there were reason to believe that 40 North Washington Street was the home of the person who sent the email – because it was the home of the person whose email account was used to email the pornographic image – there was reason for Judge Bellantoni to be confident that there would be a copy of the image on a computer in that home.

In United States v. Martin, 426 F.3d 68 (2d Cir. 2005), the Second Circuit upheld a search warrant for residences of subscribers to email groups that were used as vehicles for sharing child pornography. The factual bases for probable cause in Martin were the same as the principal factual bases here: 1) evidence of the distribution of child pornography through email; 2) information linking an email address to a street address; and 3) evidence of the tendency of child pornography collectors to hoard images. Id. at 74-75 (citations omitted). Based on those considerations, the Martin Court had "no difficulty concluding that the corrected affidavit established probable cause." Id. at 75.

The factual basis supporting probable cause in this case is, in fact, stronger than what was

deemed sufficient in Martin, where the only evidence linking the email addresses to any images containing child pornography was that the "e-group" facilitated sharing of images of child pornography among its members by email. See id. Here, there is evidence that an email containing an image of child pornography was sent from the alertexchief email.

Accordingly, the Fearon affidavit provided Judge Bellantoni with sufficient facts to conclude that there was a *fair probability* that evidence of child pornography would be found on Rypka's computer at his home at 40 North Washington Street.

Furthermore, even if the Court were to find that the warrants were issued on less than probable cause (I specifically do not so find), the good faith exception to the exclusionary rule would prevent suppression in this case. United States v. Leon, 468 U.S. 897, 922 (1984). The only instances where the good faith exception does not apply are where: (1) the magistrate was misled by information the affiant knew was false; (2) the magistrate wholly abandoned his judicial rule; (3) the supporting affidavit lacked any indicia of probable cause; or (4) the warrant was insufficiently specific. Leon, 468 U.S. at 923. Rypka has not established that any of the four actions which would preclude the application of the good faith exception occurred in this case.

Rypka's motion to suppress the fruits of search is denied.

Defendant's Motion to Suppress Statements

Rypka has moved to suppress statement he made to law enforcement officers following the execution of the search warrant. Rypka Pretrial Mot. at 8. Rypka argues that he was "interrogated without the benefit of Miranda warnings by members of the New York States Police," that the questioning took place in the New York State Police Barracks in the presence of at least two police officers, and that Rypka's "presence in the barracks was not voluntary or consensual." Id. at 19.

In an affidavit in support of his motion, Rypka states *inter alia* that: while the search of his home was being conducted, he was told by an investigator that he was "going with the State Police to the State Police barracks . . . to answer questions"; "[he] did not believe [he] had the option to decline"; while at the barracks Rypka did not believe he "was not free to leave"; he was told by an investigator that he "was not 'going anywhere' until the Forensics Unit 'went through all of [his] stuff'"; when he needed to use the bathroom he was escorted by an investigator; he was placed under arrest after the questioning. (Rypka Affidavit).

"Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him in custody." Oregon v. Mathiason, 429 U.S. 492, 495 (1977). That is so because "a custodial setting is one providing inherently coercive pressures that tend to undermine the individual's will to resist and to compel him to speak." United States v. Mitchell, 966 F.2d 92, 98 (2d Cir.1992) (internal citation omitted). "In determining whether an individual is in custody for Miranda purposes, "the ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam) (quoting Mathiason, 429 U.S. at 495).

Rypka's affidavit has raised an issue of fact as to whether the police restricted his freedom of movement during his interrogation at the police barracks, to suggest a formal arrest. Accordingly, the Court grants defendant a hearing to determine whether defendant was "in custody" when questioned by law enforcement.

This constitutes the decision and order of the Court.

April 25, 2008

_____
Colleen McMahon
U.S.D.J.

BY HAND TO:

Andrew C Quinn
Quinn & Mellea, LLP
399 Knollwood Road
Suite 220
White Plains, NY 10603
914-997-0555
Fax: 914-997-0550
Email: qfmlaw@aol.com

John Denis Patten
John D Patten, Esq
30 Vesey Street
New York, NY 11694
(212)-962-1295
Fax: (212)-349-6369
Email: johnpatten@att.net

Nicholas Lloyd McQuaid
U.S. Attorney's Office, White Plains
300 Quarropas Street
White Plains, NY 10601
(914)-993-1936
Fax: (914)-682-3392