

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

July 11, 2008

**BY ECF & FIRST CLASS MAIL**

Honorable Colleen McMahon
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    United States v. Anthony Rypka
              07 Cr. 980 (CM)

Dear Judge McMahon:

      The Government respectfully submits this letter to seek a ruling in limine precluding the defendant from offering any evidence and/or argument to the jury concerning the possible punishment he might face if convicted.

      Anthony Rypka ("Rypka") is charged in the above-referenced, four-count Indictment. Count One of the Indictment charges Rypka with receiving and distributing material containing child pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(B), a charge that carries a mandatory minimum sentence of five years' imprisonment. Count Two of the Indictment charges Rypka with possessing material containing child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B), a charge that does not carry a mandatory minimum sentence.

      The Supreme Court has made clear that in cases such as this in which the jury has no role at sentencing, the jury "should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" Shannon v. United States, 512 U.S. 573, 579, 114 S. Ct. 2419, 2424 (1994) (quoting Rogers v. United States, 422 U.S. 35, 40 (1975)). Testimony and argument concerning the possible punishment a defendant might face if convicted is irrelevant to the juror's factfinding task and "invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." See id.; see also Securities and Exch. Comm'n v. Moran, No. 95 Civ. 4472 (BN), 1995 WL 785953, at *1 (S.D.N.Y. Oct. 31, 1995) ("It is well settled that the trier of fact must consider only the factual issue of liability without regard to any potential consequences which may befall a defendant.").

Hon. Colleen McMahon
July 11, 2008
Page 2

   Accordingly, courts have repeatedly precluded evidence of the potential sentences defendants face on the grounds that such evidence is irrelevant, prejudicial and outside the jury's province. See, e.g., United States v. Lewis, 110 F.3d 417, 422 (7th Cir. 1997) (holding that district court correctly refused to permit defendant to argue about the severity of his possible punishment); United States v. DiMarzo, 80 F.3d 656, 660 (1st Cir. 1996) (district court "soundly excluded" evidence of a potentially harsh sentence because such evidence "would have necessitated an unwarranted departure from the fundamental division of responsibilities between judge and jury"); United States v. Maisonneuve, 954 F. Supp. 114, 116 (D. Vt. 1997) (granting Government's motion to preclude evidence of minimum and maximum sentence faced by defendant on the grounds that such information is prejudicial).

   In United States v. Pabon-Cruz, 391 F.3d 86 (2d Cir. 2004), the Second Circuit dealt with this issue in the context of a child pornography advertising case. In Pabon-Cruz, the Government moved to preclude defense counsel from mentioning the ten-year mandatory minimum sentence associated with a conviction for advertising child pornography, and specifically requested that the judge instruct the jury that sentencing was not its concern. Id. at 89. Thereafter, the district court indicated that it would inform the jury of the mandatory minimum in its instructions. Id. Before those instructions were delivered, the Government filed a motion for an emergency stay and a petition for a writ of mandamus, asking the Second Circuit to "direct the District Court not to instruct the jury regarding the penalties faced by Pabon-Cruz if convicted of the advertising count." Id. at 91. Following an emergency stay and argument, the Circuit issued a Summary Order granting the Government's petition for a writ of mandamus. Id. at 91-92 (quoting Summary Order, which stated: "The District Court's proposed jury instruction regarding the penalties the defendant faces if convicted is a clear abuse of discretion in light of binding authority [citing Shannon v. United States, 512 U.S. 573, and United States v. Thomas, 116 F.3d 606 (2d Cir.1997)]."). On appeal following his conviction, Pabon-Cruz once again challenged the district court's failure to instruct the jury regarding the mandatory minimum sentence he faced, but the Second Circuit affirmed, stating that "[t]he Supreme Court's ruling in Shannon v. United States, 512 U.S. 573 (1994), makes clear that defendant had no legal right to a charge informing the jury of the sentencing consequences of its decisions." Id. at 94.

   This rule follows from the settled proposition that jury nullification is to be discouraged. Indeed, the Second Circuit has "categorically reject[ed] the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent it." United States v. Thomas, 116 F.3d at 614. "[It] is, by definition, a violation of a juror's oath to apply the law as instructed by the court – in the words of the standard oath to jurors in the federal courts, to render a true verdict according to the law and the evidence." Id. (internal quotation marks omitted) (emphasis in original). Accordingly, jurors should not be informed of the potential sentences in this case, and should be

Hon. Colleen McMahon
July 11, 2008
Page 3

instructed that consideration of sentences is not an appropriate factor in deliberations.[1]

       Thank you for your consideration.

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney

By: _____
      NICHOLAS L. MCQUAID
      MARCIA S. COHEN
      Assistant United States Attorneys
      (914) 993-1936 / 1902

cc:    Andrew C. Quinn, Esq. (By Fax)

---

[1] The Government is aware of only two authorities to the contrary. See United States v. Polizzi, 549 F. Supp. 2d 308 (E.D.N.Y. 2008); United States v. Datcher, 830 F.Supp. 411, 412-13 (M.D. Tenn. 1993). In Polizzi, the defendant was convicted of 12 counts of receiving and 11 counts of possessing child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). Polizzi, 549 F. Supp. 2d at 319. After trial, the district court granted the defendant's Rule 33 motion regarding the conviction for receiving child pornography, concluding that it should have informed the jury of the applicable mandatory minimum sentence where several jurors indicated that they wanted the defendant to receive mental health treatment, rather than incarceration. Id. at 443-44. That decision, like the decision in Datcher, rested on a proposition that juries have a right to nullify – a proposition that is directly contrary to settled law in the Second Circuit and a proposition that, if accepted, would potentially turn every individual trial into a referendum on Congressional decisions about the appropriate punishment for crime. Id. at 405; Datcher, 830 F. Supp. at 413.