# QUINN & MELLEA, L.L.P.

ATTORNEYS AT LAW

CROSSWEST OFFICE CENTER
399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603

TELEPHONE (914) 997-0555
FACSIMILE (914) 997-0550

ANDREW C. QUINN
PHILIP J. MELLEA

ROSA LUNA-MOLÉ*
BRUNO V. GIOFFRE, JR.♦
ANTHONY J. DIFIORE**

\* MEMBER NY & NJ BAR
♦ MEMBER NY, CT & FL BAR
\*\*MEMBER NY & CT BAR

CHRISTINA EANNIELLO
LEGAL ASSISTANT

July 25, 2008

**BY ECF AND FIRST CLASS MAIL**

Honorable Colleen McMahon
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: United States v. Anthony Rypka
      07 Cr. 980 (CM)

Dear Judge McMahon:

  Defendant Anthony Rypka ("Rypka") respectfully submits this letter in reply to the Government's July 11, 2008 letter which seeks a ruling in limine precluding the defendant from offering any evidence and/or argument to the jury concerning the possible punishment he might face if convicted. The defendant respectfully submits that this Honorable Court should permit the defendant to submit evidence to the jury regarding the mandatory minimum sentence faced by the defendant should he be convicted.

  As you are aware, Rypka is presently charged pursuant to a four count indictment. Count one of the Indictment charges the defendant with receiving and distributing child pornography in violation of Title 18, United States Code, Section 2252(a)(2)(B), a charge that carries a minimum sentence of five years imprisonment. The other remaining counts of the indictment do not carry a minimum sentence of incarceration, but do carry substantial potential prison terms as authorized penalties.

Hon. Colleen McMahon
July 25, 2008
Page 2

In contrast to the Government's claim that courts have routinely precluded evidence of potential sentences from the ken of the jury on the grounds that such evidence is "irrelevant, prejudicial and outside the jury's province" (McQuaid Letter, p. 2), pursuant to the well reasoned decision of Senior District Judge Jack B. Weinstein in United States v. Polizzi, 549 F. Supp. 2d 308 (E.D.N.Y. 2008), informing the jury of the potential ramifications of its verdict is perfectly consistent with the jury's constitutional obligation: "The complexity of modern United States criminal law and the general public's lack of detailed knowledge of federal statutory provisions require that, in the few cases where necessary, the jury be informed of such matters as the required minimum term of incarceration that will follow from its verdict so that it can exercise its constitutionally mandated historic role. Cases which have rejected this view, on the ground that it permits a form of impermissible "nullification," have not followed the Sixth Amendment as it must be interpreted after recent Supreme Court originalist holdings". Polizzi, 549 F. Supp. 2d at 11.

As set forth in Polizzi, the "right of jurors to be told of the high stakes of their decision under a mandatory sentencing scheme so that they can decide to find a defendant guilty or innocent of a lesser crime "'is a point independent of the right to nullify'". Polizzi at 226, citing Huemann & Cassak, Not-So-Blissful Ignorance: Informing Jurors About Punishment in Mandatory Sentencing Cases, 20 Am. Crim. L. Rev. 343, 388 (1983); Cf. United States v. Pabon-Cruz, 391 F. 3d 86 (2d Cir. 2004)(rejecting defendant's request to have jury informed of mandatory minimum sentence in child pornography advertising case).

In accordance with the lengthy and well supported opinion of Judge Weinstein, given the Supreme Court's recent emphasis on interpreting and applying the Sixth Amendment in the historical context under which it was adopted, it is now required in certain cases - including cases involving the alleged violation of 18 U.S.C. §2252(a)(2)(B) - "that the jury know of the mandatory minimum if that is what the defendant asks for". Polizzi at 228. See also United States v. Datcher, 830 F. Supp. 411, 412-13 (M.D. Tenn. 1993) criticized by United States v. Chesney, 86 F.3d 564, 574 (6th Cir. 1996).

Accordingly, this Court should grant the defendant's request that the jurors be informed of the potential mandatory minimum sentences which must be imposed in the event that he is convicted.

Hon. Colleen McMahon
July 25, 2008
Page 3

      Thank you for your consideration of this request.

                            Respectfully,

                            Quinn & Mellea, LLP

                            _____
                            Andrew C. Quinn, Esq.
                            Attorney for Defendant

cc: AUSA Nicholas McQuaid (via fax)
     John Patten, Esq. (via fax)
     Anthony Rypka (via first class mail)