UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
UNITED STATES OF AMERICA                      :
                                              :
          - v -                               :
                                              :        07 Cr. 980 (CM)
ANTHONY RYPKA, JR.,                           :
                                              :
               Defendant.                     :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S PROPOSED EXAMINATION**
**OF PROSPECTIVE JURORS**



                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                                    of America


NICHOLAS L. McQUAID,
CHRISTOPHER L. GARCIA,
Assistant United States Attorneys

        - *Of Counsel* -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x
                                         :

UNITED STATES OF AMERICA          :
                                         :

      - v -               :
                                         :    07 Cr. 980 (CM)

ANTHONY RYPKA, JR.,             :
                                         :

             Defendant.       :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S PROPOSED EXAMINATION
## OF PROSPECTIVE JURORS

          The Government respectfully requests that the Court include the following

questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of

Criminal Procedure.  The Court is requested to pursue more detailed questioning (if necessary,

outside the presence of the jury pool) if a particular juror's answer reveals that further inquiry is

appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact

or circumstance would influence the juror in favor of or against either the Government or the

defendant.

## The Charges

          This is a criminal case.  The defendant, ANTHONY RYPKA, JR., has

been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting

in this District.  The Indictment contains four counts.  Count One charges the defendant with

receiving and distributing computer files containing child pornography; Count Two charges the

defendant with possessing computer files containing child pornography; Count Three charges the defendant with possessing a fully automatic sub-machine gun; and Count Four charges the defendant with possessing an unregistered firearm.  The Indictment is not evidence: It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt.  Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case.

### Knowledge of the Case

Does any juror have any personal knowledge of the charges in the Indictment as I have described them?

Do any of you believe that you may have read something in a newspaper or heard something on television about this case?  If so, is there anything that you have read or heard that would cause you to feel that you cannot decide the facts of this case fairly and impartially?

### Ability to Render a Fair Verdict

As I have told you, the Indictment in this case includes allegations relating to images of child pornography.  Does any juror feel that he or she would be incapable of weighing fairly and impartially evidence relating to such charges and subject matter?  Has any juror formed an opinion that the conduct charged in the Indictment relating to child pornography, as I have described them to you, should not be crimes?  Conversely, does any juror believe that an individual accused of conduct relating to images of child pornography should not be entitled to a fair trial by a jury of his or her peers?

2

Has any juror been involved in an offense involving child pornography? Has any juror's relative, close friend, or associate been involved in an offense involving child pornography?

Has any juror, or any members of a juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with child pornography**?**

The evidence at trial will include descriptions of pornography and computer files containing pornographic images which may require the use of sexually explicit language. Does any juror feel that they would be offended by the use of sexually explicit language during this trial?

Does any juror feel that the child pornography laws of this country are in any way unconstitutional or unfair, that they are too lax or too strict, or that they should not be enforced?

Have any of you formed the view that it should not be a crime to receive images containing child pornography?

Have any of you formed the view that it should not be a crime to distribute images containing child pornography?

Do any of you believe that it should not be a crime for a person, within the private confines of his or her home, to receive over email images of child pornography?

Does any juror hold the view or opinion that email or the Internet should be free from government regulation?

Do any of you have any experience with computer forensic analysis or the use of computer forensic software? If so please explain.

Are you or a member of your family or a close friend currently employed as a computer consultant or in the field of information technology? If so, please explain.

This case in part involves actions taken by America Online ("AOL") to monitor whether its members are using AOL to send images it has identified as child pornography. Does any juror hold the view or opinion that AOL should not monitor whether its members use AOL to send child pornography?

Because of the nature of this case, you will be required to view images of persons engaged in sexually explicit conduct. The Government alleges that the individuals in the pictures are minors. Is there anyone here who thinks that, because of the subject matter, you could not sit as a fair and impartial juror in this case? Is there anyone here who would have difficulty listening to such testimony and photographs during deliberations, such that you could not sit as a fair and impartial juror in this case?

As I have mentioned, some of the charges in this case concern a firearm. Does the fact that some charges involve a firearm affect your ability to render a fair verdict?

Do any of you believe that it should not be a crime for a person to possess a machine gun?

Do any of you believe that the law governing this crime should not be enforced?

4

One of the charges concerns the defendant's possession of a firearm that was not properly registered.  Do any of you believe that it should not be a crime to possess an unregistered firearm, when the firearm is required by law to be registered?

Do any of you believe that the law governing this crime should not be enforced?

Do any of you have any opinion about the enforcement of the federal firearm or gun control laws which might prevent you from being fair and impartial in this case?

Do any of you believe that the federal, state or local government should not limit a person's ability to own a firearm?   [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of that belief.*]

Have you or any member of your family ever owned a firearm or ammunition?  If so, for what reason?  If so, what kind and was it properly licensed?

Have any of you been involved in the lawful manufacture, sale or marketing of guns or ammunition?

Have you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms or gun control?  If so, when and what did you do?

Has any juror been involved in an offense involving a firearm or ammunition?

5

Has any juror's relative, close friend, or associate ever been involved in an offense involving a firearm or ammunition?

## **Knowledge of the Trial Participants**

Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendant, ANTHONY RYPKA, JR., or with any relative, friend, or associate of the defendant? Does any juror have any relatives, friends, associates, employers, or employees who know or who have any dealings with the defendant, or with any relative, friend, or associate of the defendant?

The Government is represented here, as in all cases in which it is a party before this Court, by the United States Attorney for the Southern District of New York, Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Nicholas McQuaid and Christopher Garcia. Do any of you know Mr. Michael Garcia, Mr. McQuaid or Mr. Christopher Garcia? Have any of you had any dealings, either directly or indirectly, with any of these individuals? Mr. McQuaid and Mr. Garcia will be assisted by Lisa Umans, a paralegal in the United States Attorney's Office, and Special Agent Steve Tortorella, of the Federal Bureau of Investigation. Have any of you had any dealings, either directly or indirectly with either Ms. Umans or Special Agent Tortorella?

The defendant, ANTHONY RYPKA, JR., is represented by Andrew C. Quinn, Esq., and John Patton, Esq. Do any of you know Mr. Quinn or Mr. Patton? Has any juror or any relative, close friend, associate, employer, or employee of any juror, had any dealings, either directly or indirectly, with Mr. Quinn or Mr. Patton?

6

Does any juror know, or has any juror had any dealings, either directly or indirectly, with any of the following persons who may be witnesses, or whose names may be mentioned in this case:

a.    Detective Eugene Buonanno

b.    Ms. Rose Califana

c.    Donald Colcolough

d.    Investigator Denzil Fearon

e.    Investigator Andrew Grascia

f.    Lieutenant William Herguth

g.    Detective Arthur Holzman

h.    Lieutenant Donald McGee

i.    Detective Frank Nicolsi

j.    Detective Frank Papp

k.    Sergeant Scott Sullivan

l.    Special Agent Howard Stern

m.    Investigator John Vescio

n.    Assistant District Attorney Michael Delohery

Does any juror have relatives, friends, associates, employers or employees who know or who have had any dealings with any of these individuals?

As previously mentioned, this case in part involves actions taken by the internet service provider AOL. Are you or a member of your family or a close friend currently employed by AOL? Do you use service provided by AOL?

Certain conduct at issue in this case took place in the vicinity of the following towns: Tarrytown, Sleepy Hollow, and Elmsford, New York. Are you familiar with these areas of Westchester County? How? Do you think your familiarity with these areas will affect your ability to render a fair verdict?

**Relationship With Government**

Does any juror know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the Westchester County District Attorney's Office, the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the New York State Police, the Westchester Department of Public Safety, the Village of Tarrytown Police Department, the Village of Tarrytown Fire Department, the New York Internet Crimes Against Children Taskforce, or the National Center for Missing and Exploited Children? Is any member of any juror's family employed by any law enforcement agency, whether federal, state or local?

Has any juror -- either through any experience he or she has had or anything he or she has seen or read -- developed any bias or prejudice for or against the United States Attorney's Office for the Southern District of New York, the Westchester County District Attorney's Office, the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco,

8

Firearms and Explosives, the New York State Police, the Westchester Department of Public Safety, the Village of Tarrytown Police Department, the Village of Tarrytown Fire Department, the New York Internet Crimes Against Children Taskforce, or the National Center for Missing and Exploited Children?

Has any juror, or has any member of any juror's family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

**Prior Jury Service**

Has any juror ever served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

Has any juror ever served as a juror in a trial in any court? If so, in what court? What type of case was it? Without saying what it was, did the jury reach a verdict?

**Experience as a Witness, Defendant, or Crime Victim**

Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or Governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

Has any juror or any relative or close friend ever been a witness or a complainant in any hearing or trial, whether state, local, or federal?

Is any juror, or is any member of his or her family, or a close friend, now under subpoena or, to the best of the juror's knowledge, about to be subpoenaed in any criminal case?

Has any juror, or has any member of any juror's family, or any associate or close friend, ever been charged with a crime?

Has any juror, or has any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state grand jury?

Has any juror or any friend, associate, or relative ever been a victim of a crime?

### Views on Wintesses and Investigative Techniques

The witnesses in this case may include federal agents and local law enforcement personnel. Would any juror be more likely or less likely to believe a witness merely because he or she is a law enforcement officer?

You will hear testimony in this case that law enforcement officers recovered certain evidence from a search of a home, including computers and other computer storage devices. You will also hear testimony that law enforcement officers later searched those computers and computer storage devices and recovered evidence from them. I instruct you that the searches were perfectly legal. Do any of you have any feelings about such searches by law enforcement that would make it difficult for you to render a fair and impartial verdict?

You will hear testimony in this case that the defendant made several statements to law enforcement officers on the day of the search. I instruct you that testimony by

10

law enforcement officers concerning those statements is perfectly legal.  Do any of you have any feelings about testimony by law enforcement officers concerning such statements that would make it difficult for you to render a fair and impartial verdict?

Does anyone have any expectations about the types of evidence that the Government might present in criminal trials?  Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technologies when investigating and presenting evidence of a crime?

### Other Questions

Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial?  Is any juror taking any medication which would prevent him or her from giving full attention to all the evidence at this trial?

Does any juror have any difficulty in reading or understanding the English language?

### Function of the Court and Jury

The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law you must take your instructions from the Court and you are bound by those instructions.  You may not substitute your notions of what the law is or what you think it should be.  At the conclusion of

11

the case, your job will be to determine whether or not each defendant is guilty as charged in the Indictment.

Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of the law that I will give you in this case?

Do any of you have any legal training, or have any relative or close friend who is an attorney?  If so, would this for any reason prevent you from applying the law in this case as stated by the Court?  Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as jurors?

Will each juror accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberation of the jurors as to whether each defendant on trial here is guilty?

It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: where do you find the truth?  The only victory in any case is where the truth has triumphed.  If it has, then justice has been done.  If not, justice will not have been done.  You are to determine the guilt or innocence of the defendants solely on

12

the basis of the evidence and subject to the law as I have charged you.  Will you accept my instruction that you are not to be swayed by sympathy of any kind?

Does any juror have any religious, philosophical, or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law and the evidence?

## Other Biases

In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reasons whatsoever, that he or she would be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

## Juror's Background

The Government respectfully requests that the Court ask each juror to state the following information:

(a)    the juror's age;

(b)    marital status;

(c)    age(s) and sex(es) of any children;

(d)    occupation;

(e)    the name of the juror's employer;

(f)    the period of employment with that employer;

13

(g)     the nature of the juror's work;

(h)     the same information concerning other employment within the last five years;

(i)     the same information with respect to the juror's spouse and any working children;

(j)     the area in which the juror currently resides and any other area in which the juror has resided during the last five years;

(k)     whether the juror owns his or her own home, and, if owned, how long the juror has owned his or her home;

(l)     the educational background of the juror, including the highest degree obtained;

(m)    newspapers and magazines regularly read by the juror;

(n)     television programs regularly watched by the juror;

(o)     the names of any clubs or associations to which the juror belongs; and

(p)     the frequency and nature of the use of the Internet by the juror and members of the juror's household.

## Requested Instructions Following Impaneling of the Jury

From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or friends.

14

If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. Of course, I do not expect anything unusual or improper to happen.

Dated: New York, New York
      September 2, 2008

                  Respectfully submitted,

                  MICHAEL J. GARCIA
                  United States Attorney for the
                  Southern District of New York
                  Attorney for the United States
                      of America

      By: _____/s/_____
                  Nicholas L. McQuaid
                  Christopher L. Garcia
                  Assistant United States Attorneys
                  (212) 637-0047

16

## <u>CERTIFICATE OF SERVICE</u>

        NICHOLAS L. McQUAID deposes and says that she is employed in the Office of

the United States Attorney for the Southern District of New York.

        That on September 2, 2006, she caused a copy of the attached Government's

Proposed Examination of Prospective Jurors to be sent by hand to:

        Andrew C. Quinn, Esq.
        Crosswest Office Center
        399 Knollwood Road, Suite 220
        White Plains, NY 10603
        Attorney for Anthony Rypka, Jr.

        I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C.

Section 1746.

Dated: New York, New York
      September 2, 2008

                        _____

                          Nicholas L. McQuaid