UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                   :
                                   :
                                   :
         vs.                       :     Docket No.: 07 Cr. 980 (CM)
                                   :
ANTHONY RYPKA, Jr.,                :
                                   :
              Defendant.           :
------------------------------------------------------x

### DEFENDANT'S PRE-TRIAL REQUESTS TO CHARGE

Defendant Anthony Rypka is charged by indictment 07 Cr. 980 with four (4) counts, to wit: with one count of receiving and distributing material containing child pornography, to wit: computer files containing images of child pornography, in violation of 18 USC §2252A(a)(2)(B); knowing possession of materials that contained child pornography, to wit: computer files containing images of child pornography, in violation of 18 USC §2252A(a)(5)(B); possession of a fully automatic sub-machine gun, in violation of 18 USC §922(o); and possession of an unregistered firearm, to wit: a fully automatic sub-machine gun, in violation of 18 USC §5861(d). These requests are submitted pre-trial and in compliance wit the Court's directive. However, the defendant respectfully requests the opportunity to supplement these requests at trial as appropriate. Rule 30 of the Federal Rules of Criminal Procedure permits a court to ask for requests fro jury instructions "at the close of evidence or at any time earlier the court reasonably sets." Fed. R. Crim P. 30(a). On the other hand, "[t]he rule does not preclude the practice of

0

permitting the parties to supplement their requests instructions during the trial." Fed. R. Crim. P. 30, advisory committee notes, 2002 Amendments.

The defendant respectfully that the Court include the following in its jury instructions:

## REQUEST NUMBER ONE

## **GENERAL REQUESTS**

The defendant respectfully requests that the Court give its usual instructions to the jury on the following matters:

| | | |
|---|---|---|
| A: | Function of the Court | |
| B: | Indictment not Evidence | |
| C: | Statements of Court and Counsel not evidence; | |
| D: | Burden of Proof and Presumption of Innocence; | |
| E: | Reasonable Doubt; | |
| F: | Jury's Recollection Controls; | |
| G: | Inferences; | |
| H: | Government Treated Like any Other Party; | |
| I: | Definitions, explanations and examples of direct and circumstantial evidence; | |
| J: | Credibility of Witnesses; | |
| K: | Oath of Jurors; | |
| L: | Verdict must be unanimous; | |

**REQUEST NUMBER TWO**

**PRESUMPTION OF INNOCENCE**

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt. If, on the other hand, you are not satisfied that the government has proven the defendant's guilt beyond a reasonable doubt the presumption of innocence stays with him and it is your duty to acquit him.

## REQUEST NUMBER THREE

### REASONABLE DOUBT

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighting all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or a suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the defendant. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

**REQUEST NUMBER FOUR**

**ELEMENTS OF THE CRIME**

In order to establish the defendant's guilt of the crime/crimes charged in the indictment, the government must sustain its burden of proving each separate element of the crime charged beyond a reasonable doubt.

If you, the jury, find from the evidence that the government has proven each of the elements of the crimes charged in the indictment beyond a reasonable doubt then proof of the crime charged is complete and you may find the defendant guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all the evidence as to any of the separate elements, than it is your duty to acquit.

**REQUEST NUMBER SIX**

**NUMBER OF WITNESSES**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

You should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

## REQUEST NUMBER SEVEN

## **LAW ENFORCEMENT WITNESSES**

You have heard the testimony of a law enforcement officials. The fact that a witness may be employed by the federal government or the State of New York as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

## REQUEST NUMBER EIGHT

## **EXPERT WITNESSES**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Not should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## REQUEST NUMBER NINE

## **SCIENTER**

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be prove by the defendant's conduct and by all of the facts and circumstances surrounding the case.

**REQUEST NUMBER TEN**

**STATEMENTS BY THE DEFENDANT**

You have heard testimony that the defendant made statements to a New York State Police Investigator. It is for you to decide (1) whether the defendant made the statements and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## REQUEST NUMBER ELEVEN

## CONDUCT OF COUNSEL

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and request conferences on the robbing room or at the side bar, out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against any attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence.

## REQUEST NUMBER TWELVE

## CHARACTER EVIDENCE

The defendant has called witnesses who have testified to his good reputation in the community. This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged. Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe he is a person of good reputation.

## REQUEST NUMBER THIRTEEN

## DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

## REQUEST NUMBER FOURTEEN

## ALIBI

You have heard evidence that the defendant was not present at the time and the place where the crime is alleged to have been committed. It is the government's burden to prove, beyond a reasonable doubt, each and every element of the offense, as I have defined those elements, including that the defendant was present at the time and place that the offense is alleged to have occurred.

If, after you consider all of the evidence in this case, you have a reasonable doubt about whether the defendant was present at the time and the place where the crime allegedly occurred, then you must acquit him.

## REQUEST NUMBER FIFTEEN
## DUTY TO CONSULT AND NEED FOR UNANIMITY

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation-to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence-if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case. But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

**WHEREFORE**, Defendant Anthony Rypka, requests that the Court instruct the jury as per the request for charges as submitted herein.

Dated:

White Plains, New York
September 2nd, 2008                             Respectfully Submitted,


                                                         _____/S/_____
                                                         Andrew C. Quinn, Esq.
                                                         Quinn & Mellea, L.L.P.
                                                         399 Knollwood Road Suite 220
                                                         White Plains, NY 10603
                                                         (914)-997-0555

                                                         _____/S/_____
                                                         John D. Patten, Esq.
                                                         30 Vesey Street PH Suite
                                                         New York, NY 10007
                                                         (212)-962-1295