

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 4, 2008

**BY ECF & HAND DELIVERY**

Honorable Colleen McMahon
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    <u>United States v. Anthony Rypka</u>
       **07 Cr. 980 (CM)**

Dear Judge McMahon:

The Government respectfully submits this letter to seek additional rulings <u>in limine</u> precluding the defendant from (1) offering any testimony or argument regarding the defendant's federal curio and relics license, and (2) cross-examination or argument about a civil action involving Investigator Denzil Fearon of the New York State Police.

**BACKGROUND**

Anthony Rypka ("Rypka") is charged in the above-referenced, four-count indictment ("Indictment"). Counts One and Two charge Rypka, respectively, with receiving and distributing child pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(B), and with possessing material containing child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). Count Three of the Indictment charges Rypka with possessing a machine gun in violation of Title 18, United States Code, Section 922(o). Count Four of the Indictment charges Rypka with possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

According to records received from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Rypka possessed a Collector's License for Curios and Relics ("Collector's License") from in or about January 2003 through September 1, 2006. <u>See</u> <u>generally</u> 27 C.F.R. §§ 178.11–179.26. The primary benefit of a Collector's License is that it allows a license holder to transport and receive curios and relics in interstate commerce. 27 C.F.R. §

Honorable Colleen McMahon
September 4, 2008
Page 2

178.29.  Curio and relic is a designation given by the ATF to certain types of firearms that are deemed to be primarily a collector's item and are not likely to used as weapons.  See 27 C.F.R. § 179.25.  A collector's license does not grant any authority to violate any federal firearms law. See 27 C.F.R. § 178.58 ("A Collector's License does not grant any "right or privilege to conduct business or activity contrary to state or other law.").

The Government anticipates that it will call Investigator Denzil Fearon ("Fearon") of the New York State Police as a witness at trial.  Fearon participated in the search of the defendant's residence on September 14, 2006, and seized computer equipment during the search. In 1997, Fearon, then a Trooper for the New York State Police, assisted in the stop and search of a car in Brewster, New York, during which another Trooper found narcotics and hypodermic needles.  Kelleher v. Fearon, 90 F. Supp. 2d 354, 356, 358 (S.D.N.Y. 2000) (McMahon, J.). Both of the occupants of the car were placed under arrest and transported to the New York State Police Barracks in Brewster.  Id. at 359. Upon arriving at the barracks, Fearon conducted a strip search of the car's passenger, Eugene Kelleher.  Id.  Kelleher was eventually released after the car's driver informed police that the narcotics and hypodermic needles were his, and his alone. Id. at 357.  Kelleher sued Fearon for violations of his civil rights arising from the arrest and strip search ("Kelleher Lawsuit").  Id. at 356.  The question of when the driver told the State Police that the drugs and needles were his was the central factual dispute in the case.  See id. at 361-62. The case was tried to a jury in January 2000.  Id.  The jury found Fearon liable and awarded Kelleher $125,000 in damages for emotional distress.  Id.

**ARGUMENT**

I.      **The Defendant Should Precluded from Eliciting Testimony or Making Argument Regarding Rypka's Curio and Relics License**

Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Relevant evidence is that evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401; United States v. Perez, 387 F.3d 201, 209 (2d Cir. 2004).  Evidence that is deemed relevant may still be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed R. Evid. 403; see United States v. Collorafi, 876 F.2d 303, 306 (2d Cir. 1989).

Evidence pertaining to the defendant's Collector's License should be excluded as irrelevant under Rule 402 of the Federal Rules of Evidence.  First, that Rypka once had such a license provides him with no statutory defense to crimes with which he is charged.  Neither Chapter 44 of Title 18 nor Chapter 53 of Title 26 provide general exceptions for holders of Collector's Licenses, nor does any element of either crime touch on a person's status as a collector.  See Sand, Modern Federal Jury Instructions, Instructions 35-71 (possession of

Honorable Colleen McMahon
September 4, 2008
Page 3

machine gun), 35-87 (possession of unregistered firearm); see generally United States v. Montgomery, No. 92-7762, 1993 WL 277177 (5th Cir. July 19, 1993) (unpublished decision) ("In as much as 'collector' is not mentioned in connection with § 922(o), it does not provide an affirmative defense or engage an element of the crime of possession of a machine gun.").

      Second, the Collector's License is wholly irrelevant to establishing the defendant's state of mind with regards to his possession of the machine gun. The mens rea requirement for both of the gun counts is the same: the Government must prove that the defendant knew that the weapon he possessed had the characteristics that make it a machine gun. See Sand, Instructions 35-74 ("[T]he government must prove beyond a reasonable doubt [] that the defendant acted knowingly . . . . the government is not required to prove that the defendant knew he was breaking the law."), 35-89 (noting that the government must show the firearm was possessed "voluntarily and intentionally" and that "the defendant knew that the device he possessed had all of the characteristics which make it subject to regulation as a firearm"); see also Sand, Instruction 35-89 (comment) (noting that possessing an unregistered firearm "is not a specific intent crime, and that the correct standard is knowing possession."). The Collector's License has no bearing on whether the defendant knew that the gun possessed the characteristics that made it a machine gun and that is the only question about the defendant's state of mind that must be addressed at trial. Any suggestion that the defendant believed his possession of a Collector's License granted him the lawful authority to possess the machine gun would be wholly irrelevant to the factual issues before the jury regarding the defendant's mental state. The defendant should therefore be precluded from making reference to it at trial under Rule 402 of the Federal Rules of Evidence.

      Finally, even if the Collector's License could, as a theoretical matter, provide the defendant legal defense to the crimes charged or was relevant to his state of mind, the defendant should be precluded from eliciting such evidence because the license expired two weeks before the machine gun was seized from the defendant's home.

      Moreover, evidence regarding the Collector's License should be excluded under Rule 403 based on the danger that testimony regarding the license would confuse or mislead the jury. Fed R. Evid. 403. For the reasons explained above, the Collector's License has no probative value. Additionally there is cause for concern that testimony regarding the Collector's License might confuse or mislead the jury. In order to counter testimony about the Collector's License, the Government would be forced to call a witness from the ATF to explain what a Collector's License is, what it allows a holder to do, and what it did not allow the defendant to do. This testimony, and the cross-examination that would inevitably follow, would force the jury to consider a complicated statutory licensing scheme and to ponder the limited privileges granted under the scheme by the Collector's License. It is possible, that some jurors may be misled to believe that the Collector's License conferred some form of authority on the defendant that allowed him to own the machine gun at issue when this is demonstrably not so. Given the complete lack of probative value, this risk of possible confusion outweighs the probative value of testimony or argument on the Collector's License and is reason to exclude such evidence. Fed

Honorable Colleen McMahon
September 4, 2008
Page 4

R. Evid. 403.

For the reasons stated above testimony and argument regarding the Collector's License should be precluded as irrelevant and potentially confusing.

## II.     The Defense Should Be Precluded from Presenting Argument or Eliciting Testimony Concerning the 1983 Action Against Investigator Fearon

The Second Circuit has held that "while the Sixth Amendment guarantees the right to cross-examine witnesses at trial, the scope and extent of cross-examination are committed to the sound discretion of the trial judge." United States v. Salameh, 152 F.3d 88, 131 (2d Cir. 1998); see also United States v. Scotti, 47 F.3d 1237, 1248 (2d Cir. 1995). District Courts have "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is ... only marginally relevant." Salameh, 152 F.3d at 131 (quoting Delaware v. Van Ardsall, 475 U.S. 673, 679 (1986)). "So long as the jury has before it sufficient information to make a discriminating appraisal of the witness's possible motives for testifying falsely in favor of the Government," the Second Circuit has held that it "will uphold the trial court's exercise of its discretion." Scotti, 47 F.3d at 1248.

Evidence or cross-examination pertaining to the Kelleher Lawsuit should be precluded because it is irrelevant to the issues in this case. First, the lawsuit and the facts underlying it are wholly unrelated to this case. Second, the conduct in the two cases are of entirely different kinds. The search at issue in the Kelleher Lawsuit was a strip search for possible narcotics, conducted at New York State Police Barracks. The search in this case was a search for physical evidence, conducted in the defendant's home, pursuant to a valid search warrant. Third, the events that gave rise to the lawsuit occurred over ten years ago. During the time since those events, Fearon has conducted over twenty searches without incident. None of those searches have ever been suppressed or led to any civil litigation against Fearon or the New York State Police. In fact, since the Kelleher Lawsuit, Fearon has twice been promoted, first to Investigator and then to Supervisory Investigator. He has also received extensive training in computer crimes and searches for digital evidence.

Counterbalanced against the low probative value of the Kelleher Lawsuit is the confusion and distraction that would be injected into the trial should evidence of it be introduced. Naturally, should such evidence be introduced, the Government would request considerable latitude in rehabilitating Fearon to explain the contested nature of the issues in the lawsuit and to offer detailed testimony about Fearon's subsequent job performance. In short, the introduction of the Kelleher lawsuit raises the specter of a trial-within-a-trial. Undoubtedly, this would distract and confuse the jury and cause unnecessary delay. Considering the marginal

Honorable Colleen McMahon
September 4, 2008
Page 5

probative value, if any, that the Kelleher Lawsuit has with respect to the instant proceeding, the defense should be precluded from cross-examining Fearon concerning the matter and, accordingly, not be permitted to present any argument with respect to it.  See Fed. R. Evid. 403.

### CONCLUSION

Therefore, for the reasons stated above, defense counsel should be precluded from presenting argument or eliciting testimony concerning the defendant's Collector's License. Additionally, defense counsel should be precluded from presenting argument or eliciting testimony concerning the Kelleher Lawsuit.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney


By:_____/s/_____
NICHOLAS L. McQUAID
CHRISTOPHER L. GARCIA
Assistant United States Attorneys
(212) 637-0047


cc:    Andrew C. Quinn, Esq. (By Fax)
(f) 914-997-0550