UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

          -v.-                        :     07 Cr. 980 (CM)

ANTHONY RYPKA, JR.,                   :

              Defendant.              :

- - - - - - - - - - - - - - - - - x


<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

          Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

TABLE OF CONTENTS

REQUEST NO. 1: General Requests . . . . . . . . . . . . . . -1-

REQUEST NO. 2: Summary of Indictment . . . . . . . . . . . -2-

REQUEST NO. 3: Multiple Counts . . . . . . . . . . . . . . -3-

REQUEST NO. 4: Reasonable Doubt . . . . . . . . . . . . . . -4-

REQUEST NO. 5: Summary Of Count One . . . . . . . . . . . . -6-

REQUEST NO. 6: Count One - Elements . . . . . . . . . . . . -7-

REQUEST NO. 7: Count One - First Element . . . . . . . . . -8-

REQUEST NO. 8: Count One - Second Element . . . . . . . . . -9-

REQUEST NO. 9: Count One - Third Element . . . . . . . . . -10-

REQUEST NO. 10: Count One - Fourth Element . . . . . . . . -13-

REQUEST NO. 11: Summary Of Count Two . . . . . . . . . . . -15-

REQUEST NO. 12: Count Two - Elements . . . . . . . . . . . -16-

REQUEST NO. 13: Count Two - First Element . . . . . . . . . -17-

REQUEST NO. 14: Count Two - Second Element . . . . . . . . -18-

REQUEST NO. 15: Count Two - Third Element . . . . . . . . . -19-

REQUEST NO. 16: Count Two - Fourth Element . . . . . . . . -20-

REQUEST NO. 17: Possession Defined . . . . . . . . . . . . -21-

REQUEST NO. 18: Purpose Of The Federal Firearm Laws . . . . -24-

REQUEST NO. 19: Summary of Count Three . . . . . . . . . . -26-

REQUEST NO. 20: Count Three - Elements . . . . . . . . . . -27-

REQUEST NO. 21: Count Three - First Element . . . . . . . . -28-

REQUEST NO. 22: Count Three - Second Element . . . . . . . -30-

REQUEST NO. 23: Count Three - Third Element . . . . . . . . -31-

REQUEST NO. 24: Count Three - Fourth Element . . . . . . . -33-

REQUEST NO. 25: Summary of Count Four . . . . . . . . . . . -34-

REQUEST NO. 26: The National Firearms Registration And Transfer

Record . . . . . . . . . . . . . . . . . . . . . . . . . -35-

REQUEST NO. 27: Count Four - Elements . . . . . . . . . . . -37-

REQUEST NO. 28: Count Four - First Element . . . . . . . . -38-

REQUEST NO. 29: Count Four - Second Element . . . . . . . . -40-

REQUEST NO. 30: Count Four - Third Element . . . . . . . . -42-

REQUEST NO. 31: Variance in Dates . . . . . . . . . . . . . -43-

REQUEST NO. 32: Venue . . . . . . . . . . . . . . . . . . . -44-

REQUEST NO. 33: Particular Investigative Techniques Not

Required . . . . . . . . . . . . . . . . . . . . . . . . -45-

REQUEST NO. 34: Law Enforcement Witnesses . . . . . . . . . -46-

REQUEST NO. 35: Expert Testimony . . . . . . . . . . . . . -47-

REQUEST NO. 36: Uncalled Witness - Equally Available to Both

Sides . . . . . . . . . . . . . . . . . . . . . . . . . . -49-

REQUEST NO. 37: Preparation of Witnesses . . . . . . . . . -50-

REQUEST NO. 38: Defendant's Testimony . . . . . . . . . . . -51-

REQUEST NO. 39: Defendant's Right Not to Testify . . . . . -52-

REQUEST NO. 40: Use Of Evidence Obtained Pursuant To Search or

Seizure . . . . . . . . . . . . . . . . . . . . . . . . . -53-

REQUEST NO. 41: Admissions of Defendant . . . . . . . . . . -54-

REQUEST NO. 42: Consciousness of Guilt From False Exculpatory

Statement . . . . . . . . . . . . . . . . . . . . . . . . -55-

REQUEST NO. 43: Persons Not On Trial . . . . . . . . . . . -56-

REQUEST NO. 44: Improper Considerations - Race, Religion,

National Origin, Sex or Age . . . . . . . . . . . . . . . -57-

REQUEST NO. 45: Stipulations . . . . . . . . . . . . . . -58-

REQUEST NO. 46: Use Of Charts And Tables . . . . . . . . -59-

REQUEST NO. 47: Conclusion . . . . . . . . . . . . . . . -61-

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Evidence Consists of Testimony, Documents, Exhibits, and Stipulations

d.   Statements of Court and Counsel Not Evidence

e.   Rulings on Evidence and Objections

f.   Burden of Proof and Presumption of Innocence

g.   Government Treated Like Any Other Party

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Inferences

j.   Credibility of Witnesses

k.   Right to See Exhibits and Have Testimony During Deliberations

l.   Sympathy:  Oath as Jurors

m.   Punishment Is Not to Be Considered by the Jury

n.   Verdict of Guilt or Innocence Must Be Unanimous

REQUEST NO. 2

Summary of Indictment

The Indictment charges ANTHONY RYPKA, JR., the defendant, with committing four crimes, which I will summarize for you:

Count One of the Indictment alleges that on or about June 12, 2006, RYPKA received and distributed computer files containing images of child pornography that had been mailed, transported or shipped in interstate or foreign commerce.

Count Two alleges that in or about September 2006, RYPKA possessed computer files containing images of child pornography that had been mailed, transported or shipped in interstate or foreign commerce.

Count Three alleges that in or about September 2006, RYPKA possessed a .45 automatic Thompson/Colt, model 1921, fully automatic, sub-machine gun.

Count Four alleges that in or about September 2006, RYPKA possessed or received a .45 automatic Thompson/Colt, model 1921, fully automatic, sub-machine gun that was not registered to him in the National Firearms Registration and Transfer Record.

REQUEST NO. 3

Multiple Counts

The Indictment contains four counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty on each count.  Whether you find the defendant guilty of one offense should not influence your verdict as to any other offense.

REQUEST NO. 4

Reasonable Doubt

I have said that the Government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt.  The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of

-4-

the evidence you have a reasonable doubt, it is your duty to
acquit the defendant.  On the other hand, if after fair and
impartial consideration of all the evidence you are satisfied of
the defendant's guilt beyond a reasonable doubt, you should vote
to convict.

    Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-
6 and 56-18.

REQUEST NO. 5

Summary Of Count One

The defendant ANTHONY RYPKA, JR., is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  Count One of the Indictment charges the defendant with knowingly receiving and distributing child pornography and reads as follows:

Count One

On or about June 12, 2006, in the Southern District of New York, ANTHONY RYPKA, JR., the defendant, unlawfully, willfully, and knowingly did receive and distribute material containing child pornography that had been mailed and shipped and transported in interstate or foreign commerce by any means, including by computer, to wit, computer files containing images of child pornography.

This Count charges the defendant, ANTHONY RYPKA, JR., with violating Section 2252A(a)(2) of Title 18, United States Code.  In pertinent part, that statute provides that:

Any person who . . . knowingly receives or distributes any child pornography [or any material that contains child pornography] that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer [shall be guilty of a crime].

-6-

REQUEST NO. 6

Count One - Elements

In order to prove the defendant guilty of Count One of the Indictment, the Government must establish the following four elements beyond a reasonable doubt:

First, that on or about the dates set forth in the Indictment, the defendant knowingly received or distributed a visual depiction, as I will explain that term to you;

Second, that the visual depiction was transported in interstate or foreign commerce;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 62-26.

REQUEST NO. 7

Count One - First Element

As to Count One, the first element you must find is that, on or about the date set forth in the Indictment, the defendant knowingly distributed or received a visual depiction.

An act is done "knowingly" if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

Now, science has not yet derived a manner of looking into a person's mind and knowing what that person was thinking. You do, however, have before you evidence of certain acts and statements alleged to have been taken by the defendant or in his presence. The Government contends that these acts and statements show, beyond a reasonable doubt, the defendant's knowledge.

The term "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

To distribute a visual depiction means to knowingly transfer it to another person.

To receive a visual depiction means to take possession of it. This includes the knowing acceptance of a depiction previously requested.

18 U.S.C. § 2252A(a)(2)(B); Adapted from Sand, Modern Federal Jury Instructions, Instruction 62-28.

-8-

<u>REQUEST NO. 8</u>

<u>Count One - Second Element</u>

The second element that you must find is that the child pornography was actually transported in interstate or foreign commerce.

The Indictment alleges that the child pornography was actually transported in interstate or foreign commerce.  This means that the government must prove that the child pornography crossed between one state and another or between the United States and a foreign country.  I instruct you as a matter of law that transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

18 U.S.C. § 2252A(a)(2)(B); Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 62-33.

REQUEST NO. 9

Count One - Third Element

The third element that you must find is that the visual depiction was child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and which portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness

-10-

or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

- Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area;

- Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity;

- Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child;

- Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

- Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

- Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

-11-

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition.  The importance which you give to any one factor is up to you to decide.

18 U.S.C. §§ 2252A(a)(2)(B) & 2256(8); Adapted from Sand, Modern Federal Jury Instructions, Instructions 62-36 & 62-37; Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002); United States v. Boudreau, 250 F.3d 279 (5th Cir. 2001); United States v. Pabon-Cruz, 255 F. Supp. 2d 200, 206 (S.D.N.Y. 2003) ("A jury exercising common sense could easily infer that no rational person could believe that all of [the 500 photographic files and 200 video files] were simulated or virtual.").

REQUEST NO. 10

Count One - Fourth Element

The fourth element that you must find is that the defendant knew that the material he distributed or received was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts.

Furthermore, the defendant's belief as to the legality

-13-

or illegality of the material is irrelevant.

    Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 62-39.

REQUEST NO. 11

Summary Of Count Two

Count Two of the Indictment charges the defendant, ANTHONY RYPKA, JR., with knowingly possessing child pornography and reads as follows:

Count Two

In or about September 2006, in the Southern District of New York, ANTHONY RYPKA, JR., the defendant, unlawfully, willfully, and knowingly did possess computer files and other materials that contained images of child pornography that had been mailed, and shipped, and transported in interstate or foreign commerce by any means, including by computer, and that were produced using materials that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by computer, to wit, computer files containing images of child pornography.

This Count charges the defendant, ANTHONY RYPKA, JR., with violating Section 2252A(a)(5)(B) of Title 18, United States Code.  In pertinent part, that statute provides that:

Any person who . . . knowingly possesses any ... material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer [shall be guilty of a crime].

-15-

<u>REQUEST NO. 12</u>

<u>Count Two - Elements</u>

In order to prove the defendant guilty of Count Two of the Indictment, the Government must establish the following four elements beyond a reasonable doubt:

First, that on or about the dates set forth in the Indictment, the defendant knowingly possessed a visual depiction, as I will explain that term to you;

Second, that the visual depiction was transported in interstate or foreign commerce;

Third, that the visual depiction was child pornography, as I have already defined that term; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 62-26.

REQUEST NO. 13

Count Two - First Element

As to Count Two, the first element you must find is that, on or about the date set forth in the Indictment, the defendant knowingly possessed a visual depiction.

As I have already explained, an act is done "knowingly" if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

As it did in Count One, the term "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

To possess a visual depiction means to knowingly have it under one's custody or control.  I will say more about the definition of possession in a moment.

18 U.S.C. § 2252A(a)(2)(B); Adapted from Sand, Modern Federal Jury Instructions, Instruction 62-28.

-17-

REQUEST NO. 14

Count Two - Second Element

The second element that you must find is that the child pornography was actually transported in interstate or foreign commerce.

The Indictment alleges that the child pornography was actually transported in interstate or foreign commerce. This means that the government must prove that the child pornography crossed between one state and another or between the United States and a foreign country. I instruct you as a matter of law that transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

18 U.S.C. § 2252A(a)(2)(B); Adapted from Sand, Modern Federal Jury Instructions, Instruction 62-33.

REQUEST NO. 15

Count Two - Third Element

The third element that you must find is that the visual depiction was child pornography.  The same definition of child pornography applies for Count Two as applied for Count One.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I have explained that term to you, and which portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct.  The government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(2)(B) & 2256(8); Adapted from Sand, Modern Federal Jury Instructions, Instructions 62-36 & 62-37; Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002); United States v. Boudreau, 250 F.3d 279 (5th Cir. 2001); United States v. Pabon-Cruz, 255 F. Supp. 2d 200, 206 (S.D.N.Y. 2003) ("A jury exercising common sense could easily infer that no rational person could believe that all of [the 500 photographic files and 200 video files] were simulated or virtual.").

<u>REQUEST NO. 16</u>

<u>Count Two - Fourth Element</u>

The fourth element that you must find is that the defendant knew that the material he received was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

For Count Two, as for Count One, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 62-39.

-20-

REQUEST NO. 17

Possession Defined

The defendant is charged with receiving, and thereby taking possession of, materials that contained child pornography, and separately with possessing child pornography.  Because the legal definition of "possession" may differ from the everyday usage of the term, let me explain that term in some detail.

Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  If you find that the defendant had materials that contained child pornography on his person, you may find that he had possession of it.  However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody.  The person having control "possesses"

-21-

the object because he has an effective working relationship with the people who have actual physical custody of the object and because he can direct the movement or transfer or disposition of the object.

In addition, an individual may have possession of an object that is not found on his person, because that individual has a relationship to the location where the object is maintained. In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same object. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of an object, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Now, let me give you some examples of possession. I have a pen in my hand. There should be no doubt in your mind that I physically possess the pen.

Another example: Let's say I brought in some candy today and left it on my law clerk's desk. She knows that she can't eat all of that candy; she'd better leave some for me. I do not physically possess the candy but I do have control over it. My law clerk also has control over it. I can be said to

-22-

"possess" the candy jointly with my law clerk.

One more example:  Say my father left me a watch when he died, and it is now sitting in a safety deposit box.  Say also that my brother and I are the only people who can get into that box.  Do we have possession of the watch?  Absolutely we have possession of it, even though it's in a safety deposit box.

If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article.  Proof of ownership is not required to establish possession.

Adapted from the charge of the Honorable Barbara S. Jones in United States v. Fredrick Rowe, 02 Cr. 756 (S.D.N.Y. 2007).

REQUEST NO. 18

Purpose Of The Federal Firearm Laws

Counts Three and Four of the Indictment charge the defendant with violating certain provisions of the federal firearms laws.  I am now going to say a little bit about the background and purpose of those laws.

In enacting the federal firearms laws, Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms and ammunition was a significant factor in the prevalence of violent crime in the United States, and that federal control over gun dealers and the restriction of the distribution of firearms and ammunition would be helpful to state and local authorities in meeting this problem. Accordingly, it passed a series of laws designed to give support to federal, state and local law enforcement officials in combating crime and violence.

In general, these laws include provisions which prohibit the possession of some types of firearms and require that persons possessing certain types of firearms register the firearm in the National Firearms Registration and Transfer Record.  The Government contends that the defendant possessed a machine gun, one of the prohibited types of firearms.  The Government further contends that the defendant possessed a

-24-

firearm that was required to be registered in the National

Firearms Registration and Transfer Record.

In your role as jurors, you are not to be concerned

with the wisdom or the policy of these laws.  Your verdict may

not be based on your personal approval or disapproval of these

laws or Congress's views or intent.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 35-46, and the charge of Hon. Edward Weinfeld in <u>United States</u> v. <u>Squires</u>, 69 Cr. 911 (S.D.N.Y. 1969).

REQUEST NO. 19

Summary of Count Three

Count Three charges the defendant ANTHONY A. RYPKA, JR. with knowingly possessing a machine gun, and reads as follows:

Count Three

In or about September 2006, in the Southern District of New York, ANTHONY A. RYPKA, JR., the defendant, unlawfully, willfully, and knowingly did possess a machine gun, to wit, RYPKA possessed a .45 automatic Thompson/Colt, model 1921, fully automatic sub-machine gun.

Title 18, United States Code, Section 922(o), provides as follows: "[I]t shall be unlawful for any person to transfer or possess a machine gun."

REQUEST NO. 20

Count Three – Elements

In order to prove the defendant guilty of Count Three of the Indictment, the Government must establish the following four elements beyond a reasonable doubt:

First, that on or about the dates set forth in the Indictment, the defendant transferred or possessed a firearm;

Second, that the firearm the defendant possessed was a machine gun;

Third, that the defendant acted knowingly; and

Fourth, that the defendant was not authorized to transfer or posses the machine gun.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 35-71 and the charge of Hon. Denise L. Cote in United States v. Franklyn, 96 Cr. 1062 (S.D.N.Y. 1997).

REQUEST NO. 21

Count Three – First Element

As to Count Three, the first element you must find is that, on or about the date set forth in the Indictment, the defendant possessed or transferred a firearm.

Possession means to have physical custody or control of an object.  Proof of ownership is not required to establish possession.  Nor is it necessary that the defendant have a firearm on his person in order to have possession of it.  If a firearm is found in a location or under circumstances that convince you that the defendant knowingly had the power and intention to exercise control over it, then that is sufficient for you to find that he possessed the firearm.  As I stated earlier, a person need not have actual, physical possession of an object in order to be in legal possession of it. A defendant need not be the only person exercising control over the firearm, but he must knowingly exercise some control over it in order to be found to have possessed the firarm.

Possession of a firearm cannot be found solely on the ground that the defendant was near the firearm or that he associated with a person who had possession of the firearm.  You may consider those factors, however, in connection with all of the other evidence in deciding whether the defendant possessed a firearm as I have defined that term for you.

-28-

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 35-72, and the charge of Hon. Denise L. Cote in <u>United States</u> v. <u>Franklyn</u>, 96 Cr. 1062 (S.D.N.Y. 1997).

REQUEST NO. 22

Count Three – Second Element

The Second Element that you must find is that the firearm the defendant allegedly possessed was a machine gun.

A machine gun is any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

A trigger is any mechanism used to initiate the firing sequence.

The term also includes the frame or receiver of any such weapon, any part designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 35-73 and the charge of Hon. Denise L. Cote in United States v. Franklyn, 96 Cr. 1062 (S.D.N.Y. 1997).

REQUEST NO. 23

Count Three - Third Element

The Third Element that you must find is that the defendant acted knowingly.

To satisfy this element, you must find that the defendant knowingly possessed a machine gun, that is, you must find that the defendant knowingly possessed a firearm that had the characteristics which brought the firearm within the definition of a machine gun, as I just explained that term. Knowingly means that the defendant possessed the machine gun purposely and voluntarily, and not by accident or mistake.  The Government is not required to prove that the defendant knew he was breaking the law.

Deciding whether the defendant knew he possessed a machine gun requires you to make a decision about the defendant's state of mind.  Since it is not possible to look into a person's mind to see what went on, you must consider all of the facts and circumstances shown by the evidence and exhibits in order to determine the defendant's state of mind.

In our everyday affairs, we are continually called upon to decide from the actions of others what is their state of mind. Experience has taught us that, frequently, actions speak louder than words.  Therefore, you may rely on circumstantial evidence,

-31-

which means that you may draw inferences about the defendant's
state of mind based upon the facts and circumstances demonstrated
by the evidence.  It is up to you, based on all of the evidence,
to determine whether the defendant knew he possessed a machine
gun.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
Instruction 35-74 and the charge of Hon. Denise L. Cote in <u>United
States</u> v. <u>Franklyn</u>, 96 Cr. 1062 (S.D.N.Y. 1997).

REQUEST NO. 24

Count Three – Fourth Element

The Fourth Element that you must find is that the defendant was not authorized to possess the machine gun described in this case.  There are only two situations in which a person can be authorized to possess a machine gun.  The burden is on the Government to show that neither situation is applicable here.

First, the statute provides that it is not a crime to possess a machine gun under the authority of the United States or any department or agency thereof, or under the authority of the state or any department or agency or political subdivision thereof.

Second, it is not a crime to possess a machine gun that was lawfully possessed before the effective date of this criminal statute, which is May 19, 1986.  A lawfully possessed machine gun is one that is identified by a serial number and is properly registered with the National Firearms Registration and Transfer Record.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 35-75 and the charge of Hon. Denise L. Cote in United States v. Franklyn, 96 Cr. 1062 (S.D.N.Y. 1997).

-33-

REQUEST NO. 25

Summary of Count Four

Count Four of the Indictment, which charges the

defendant with unlawful possession of an unregistered firearm,

reads as follows:

> In or about September 2006, in the Southern District of
> New York, ANTHONY A. RYPKA, JR., the defendant,
> unlawfully, willfully, and knowingly did receive and
> possess a firearm which is not registered to him in the
> National Firearms Registration and Transfer Record, to
> wit, a .45 automatic Thompson/Colt, model 1921, fully
> automatic sub-machine gun.

This Count charges the defendant, ANTHONY RYPKA, JR.,

with violating Title 26, United States Code, Section 5861(d),

which provides, in relevant part, that it is unlawful for a

person:

> to receive or possess a firearm which is not registered
> to him in the National Firearms Registration and
> Transfer Record.

Adapted from Sand, Modern Federal Jury Instructions,
Instruction 35-85.

REQUEST NO. 26

The National Firearms Registration And Transfer Record

The National Firearms Act provides for federal taxation of certain classes of firearms and further provides for a central registry of all such firearms in the United States which are not under the control of the government.  This central registry is called the National Firearms Registration and Transfer Record.

The information in this registry includes identification of each firearm (usually by serial number), the date of its registration, and the name and address of the person who is entitled to possess the firearm.  It is required that each maker or importer of firearms shall register in the National Firearms Registration and Transfer record each firearm he makes or imports.

It is also required that whenever a firearm is transferred, the person who transfers it must register the firearm in the registry to the person to whom it is being transferred.  In order to accomplish this the transferor must file with the United States Treasury Department, Bureau of Alcohol, Tobacco and Firearms and application for the transfer and registration of the firearm to the transferee.  The application includes, among other things, the fingerprints and photograph of the transferee.  If the transfer is authorized in writing by the Bureau of Alcohol, Tobacco and Firearms, that

-35-

authorization effects the registration of the firearm to the transferee.

The transfer tax which is assessed by the National Firearms Act upon each transfer of a firearm is paid by the transferor when he purchases the appropriate tax stamp from the United States Treasury Department and affixes that stamp to the approved transfer application form.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 35-86, and the charge of the Honorable Inzer B. Wyatt in United States v. Powers, 75 Cr. 1249 (S.D.N.Y. 1976).

REQUEST NO. 27

Count Four - Elements

In order to prove the defendant guilty of Count Four of the Indictment, the Government must establish the following three elements beyond a reasonable doubt.

First, that on or about the date set forth in the Indictment, the defendant had possession of a firearm;

Second, that the defendant had knowledge that what he was possessing was a firearm; and

Third, that this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instruction 35-87.  See United States v. Freed, 401 U.S. 601 (1971).

REQUEST NO. 28

Count Four - First Element

The first element that you must find is that the
defendant had possession of the firearm in question.

Under Section 5861(d), the term "firearm" has a very
specific meaning.  In this case, the Government must prove that
the object the defendant possessed was a machine gun.  The
definition of machine gun for this statute is the same definition
that applied in Count Three.  A machine gun is any weapon which
shoots, is designed to shoot, or can be readily restored to
shoot, automatically more than one shot, without manual
reloading, by a single function of the trigger.  The term also
includes the frame or receiver of any such weapon, any part
designed and intended solely and exclusively, or combination of
parts designed and intended, for use in converting a weapon into
a machinegun, and any combination of parts from which a
machinegun can be assembled if such parts are in the possession
or under the control of a person.  In order for a machine gun to
qualify as a firearm under this statute, the machine gun must
have been in operating condition or could readily have been put
in operating condition.

I have previously explained to you what is meant by the
term possession in connection with my instructions on Counts One,

-38-

Two, and Three.  These instructions are equally applicable to the

charges in Count Four.

    Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>,
Instruction 35-88.  <u>See</u> <u>United States</u> v. <u>Whiting</u>, 28 F.3d 1296,
1308-09 (1st Cir. 1994).

REQUEST NO. 29

Count Four – Second Element

The second element that you must find is that the defendant knowingly possessed the firearm.

As I have previously explained, a person is knowingly in possession if his possession occurs voluntarily and intentionally and not because of mistake or accident. The defendant may not be convicted of possession of a firearm if he did not intend to possess it.

In addition, the Government must prove that the defendant knew that the device he possessed had all of the characteristics that make it subject to regulation as a firearm as I just defined that term for you. That is, the Government must prove that the defendant knew that the weapon he possessed had the characteristics that brought it within the definition of a machine gun, as I have defined the term.

The Government is not required to prove that the defendant knew that he was required to register the weapon described in the Indictment, or that the defendant knew that he was breaking the law. The Government also is not required to prove that the defendant knew that the gun was operable at the time he possessed it.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 35-89. See Staples v. United States, 511 U.S. 600 (1994); United States v. Corso, 20 F.3d 521, 527 (2d Cir.

-40-

1994)("As to the element of possession [under 26 U.S.C. §
5861(d)], we adopt the dangerous device test, which requires that
a defendant know that the object he possesses is a dangerous
device that would alert one to the likelihood of regulation,
rather than a firearm as defined by the statute"); United States
v. Yannott, 42 F.3d 999, 1007 (6th Cir. 1994) (Government not
required to prove defendant knew how to restore weapon to
operability).

REQUEST NO. 30

Count Four – Third Element

The third element that you must find is that the firearm in question was not registered to the defendant in the National Firearms Registration and Transfer Record.

The evidence in this case contains a certificate showing that, after a diligent search of the National Firearms Registration and Transfer Record, no record was found that the firearm that the Government claims was involved in this case was registered to the defendant. From such evidence you may, but need not, find that the Government has sustained its burden of proving beyond a reasonable doubt the non-registration of the firearm.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instruction 35-90. See United States v. Cruz, 492 F.2d 217 (2d Cir.), cert. denied, 417 U.S. 935 (1974).

-42-

REQUEST NO. 31

<u>Variance in Dates</u>

As you are considering the charge in the Indictment, let me instruct your that it does not matter if the Indictment provides that a specific transaction or event is alleged to have occurred on or about a certain date and the testimony or other evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony or other evidence.

Adapted from the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Frank Porcaro</u>, 00 Cr. 1271 (SHS) (S.D.N.Y. 2001) ("<u>Porcaro</u> Charge"), at 813; adapted from charge of the Honorable Charles S. Haight in <u>United States</u> v. <u>Eric Newton</u>, S1 01 Cr. 635 (CSH) (S.D.N.Y. 2002) ("<u>Newton</u> Charge") at 1134.

REQUEST NO. 32

Venue

In addition to the foregoing elements of the offense, you must consider whether any act in furtherance of the crime occurred within the Southern District of New York.

The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan counties.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime occurred within this district.

Adapted from Porcaro Charge at 814; see United States v. Bala, 236 F.3d 87, 95 (2d Cir. 2000) ("the government must prove venue by a preponderance of the evidence").

-44-

REQUEST NO. 33

Particular Investigative Techniques Not Required

[If applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from Newton Charge at 1139-40.

-45-

REQUEST NO. 34

Law Enforcement Witnesses

You have heard the testimony of certain law enforcement witnesses.  The fact that a witness may be employed by the government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 7-16; adapted from Newton Charge at 1139-40.

-46-

REQUEST NO. 35

Expert Testimony

You have heard testimony from what we call expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is

-47-

based on sufficient data, education and experience, and the other

evidence does not give you reason to doubt his conclusions, you

would be justified in placing reliance on his testimony.

    Adapted from the charge of the Hon. Pierre N. Leval in
<u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and
from the charge of the Hon. Michael B. Mukasey in <u>United States</u>
v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST NO. 36

Uncalled Witness –
Equally Available to Both Sides
[IF APPLICABLE]

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 6-7.

REQUEST NO. 37

Preparation of Witnesses

[IF APPLICABLE]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of the Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

REQUEST NO. 38

Defendant's Testimony

[Requested Only if Defendant Testifies]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case, ANTHONY RYPKA, JR., did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

See United States v. Gaines, 457 F.3d 238, 249 and n.9  (2d Cir. 2006) (approving precise language where "an additional free-standing charge on the defendant's testimony is deemed appropriate").

REQUEST NO. 39

Defendant's Right Not to Testify

[If Requested by Defense]

ANTHONY RYPKA, JR., did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, Instruction 5-21.

-52-

REQUEST NO. 40

Use Of Evidence Obtained Pursuant To Search or Seizure

You have heard testimony about certain evidence that was obtained in connection with various searches, including through forensic computer analysis, and through the seizure of the defendant's computer.  Evidence obtained from these searches and seizure was properly admitted in this case, and may be considered by you.  Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of the Hon. Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

REQUEST NO. 41

Admissions of Defendant

There has been evidence that the defendant made certain statements to the authorities.

In deciding what weight to give the defendant's statements, you should first examine with great care whether the statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statement such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of any such statements may not enter your deliberations. I instruct you that any such statements were both made and obtained in a lawful manner, and that no one's rights were violated and that the government's use of this evidence is entirely lawful.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 5-19 and - with respect to the third paragraph - the charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

-54-

REQUEST NO. 42

Consciousness of Guilt From False Exculpatory Statement

[IF APPLICABLE]

You have heard testimony that ANTHONY RYPKA, JR., the defendant, made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which RYPKA partially exonerated or exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to, infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, Modern Federal Jury Instructions, Instruction 6-11.

REQUEST NO. 43

Persons Not On Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals other than the defendant are not defendants in this trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

Adapted from the charge of the Hon. Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM) (S.D.N.Y.), aff'd, 990 F.2d 622 (2d Cir. 1993), and the charge of the Hon. Louis L. Stanton in United States v. Nguyen, 94 Cr. 541 (LLS) (1995).

REQUEST NO. 44

Improper Considerations - Race, Religion, National Origin, Sex or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex or age of any other witness or anyone else involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the charges of the Hon. Richard M. Berman in United States v. Kamara, S1 01 Cr. 979 (RMB) (S.D.N.Y. Jan. 8, 2003), and of the Hon. Denny Chin in United States v. Olajide, 01 Cr. 365 (DC).

<u>REQUEST NO. 45</u>

<u>Stipulations</u>

In this case you have heard evidence in the form of stipulations.

A stipulation of fact is an agreement among the parties that a certain fact is true.  You must accept as true the fact as to which the parties have stipulated.

Adapted from <u>Newton</u> Charge at 1192.

-58-

REQUEST NO. 46

Use Of Charts And Tables
[IF APPLICABLE]

Some of the exhibits were charts.  These charts were introduced basically as summaries.  They are not direct evidence really.  They are summaries of the evidence.  They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents. They are admitted as aids to you.  They are not in and of themselves any evidence.  They are intended to be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it is often easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them. But one way or the other, realize that the charts are not in and of themselves direct evidence.  They are merely visual aids. They are nothing more.

From the charge of the Hon. Kevin Thomas Duffy in United

-59-

<u>States</u> v. <u>Castellano</u>, SSS 84 Cr. 63, <u>aff'd in part and rev'd in part sub nom. United States</u> v. <u>Gaggi</u>, 811 F.2d 47 (2d Cir. 1987), Tr. at 7019-20.

REQUEST NO. 47

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors. Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

-61-

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Dated:
      New York, New York
      September 5, 2008


      Respectfully submitted,

      MICHAEL J. GARCIA
      United States Attorney


By: <u>/s/ Nicholas L. McQuaid  </u>
      NICHOLAS L. MCQUAID
      CHRISTOPHER L. GARCIA
      Assistant Unite d States Attorneys
      (212) 637-0047