UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/5/08__

———————————————————

UNITED STATES OF AMERICA

- v -                                          07 Cr. 980 (CM)

ANTHONY RYPKA,

Defendant.

———————————————————

**DECISION AND ORDER SUPPLEMENTING THE COURT'S ORAL DECISION OF AUGUST 1, 2008 DENYING DEFENDANT'S MOTION (AFTER A HEARING) TO SUPPRESS STATEMENTS MADE TO LAW ENFORCEMENT**

McMahon, J.:

Anthony Rypka is charged in a four-count Indictment with possession of child pornography and weapons. Defendant moved, *inter alia,* to suppress statements he made to investigators for the New York State Police during questioning at the police Barracks in Hawthorn, New York. The Court granted defendant a hearing to determine whether the questioning was a product of custodial interrogation requiring Miranda warnings. See Miranda v. Arizona, 384 U.S. 436 (1966). The hearing was held on August 1, 2008. Familiarity with the facts adduced at the hearing is presumed.

The Court ruled after the hearing that all statements made to investigators at the police barracks prior to the first telephone call Investigator Vescio received from the Westchester District Attorney were admissible. The Court reserved, however, on the admissibility of statements that were made after the first telephone call from the District Attorneys Office, which marks the moment when the defendant's status changed from the subject of an investigation to person in custody.

From the moment that Investigator Vescio received the first telephone call from representatives of the Westchester County District Attorney's office and was advised that the

computer materials seized from defendant contained images of child pornography, the police officers understood that defendant was going to be arrested. However, that information was not immediately conveyed to defendant. Instead, investigators asked defendant some additional questions, including a question about whether there were any other drives. Defendant responded that he had a thumb drive in his hat down at the police station.

After the conversation about the thumb drive in the hat, and after taking another call from the Westchester District Attorney's Office, Investigator Vescio told defendant that he had the option of being arraigned that afternoon and that the bail was $25,000.

The Court has done the promised research and now finds that defendant was not "in custody" for Miranda purposes until after he was informed that he would be arraigned on child pornography charges and that his bail would be $25,000.

Miranda warnings are due only when a suspect interrogated by the police is "in custody." Thompson v. Keohane, 516 U.S. 99, 102 (1995). Custody for Miranda purposes is determined by: (1) inquiring into circumstances surrounding interrogation, and, given those circumstances, (2) determining whether a reasonable person would have felt he was not at liberty to terminate interrogation and leave. Id. at 112; Yarborough v. Alvarado, 541 U.S. 652, 663 (2004). A free-to-leave inquiry, however, reveals only whether the person questioned was seized. United States v. Newton, 369 F.3d 659, 672 (2d Cir. 2004). Because seizure is a necessary prerequisite to Miranda, see, e.g., Oregon v. Mathiason, 429 U.S. 492, 495 (1997); California v. Beheler, 463 U.S. 1121, 1123-24 (1983), it makes sense for a court to begin any custody analysis by asking whether a reasonable person would have thought he was free to leave the police encounter at issue. United States v. Newton, 369 F.3d at 672. If the answer is yes, the Miranda inquiry is at an end; the

2

challenged interrogation did not require advice of rights. Id.

On the other hand, if a reasonable person would not have thought himself free to leave, the court must ask whether a reasonable person would have understood his freedom of action to have been curtailed to a degree associated with formal arrest. Id. Only if the answer to this second question is yes was the person "in custody' for practical purposes," and "entitled to the full panoply of protections prescribed by Miranda." Berkemer v. McCarty, 468 U.S. 420, 440(1984).

Furthermore, a police officer's subjective view that the individual under questioning is a suspect, if undisclosed, does not bear upon the question whether the individual is in custody for purposes of Miranda. See F. Inbau, J. Reid, & J. Buckley, Criminal Interrogation and Confessions 232, 236, 297-298 (3d ed. 1986). "An officer's views concerning the nature of an interrogation, or beliefs concerning the potential culpability of the individual being questioned, may be one among many factors that bear upon the assessment whether that individual was in custody, but only if the officer's views or beliefs were somehow manifested to the individual under interrogation and would have affected how a reasonable person in that position would perceive his or her freedom to leave." Stansbury v. California, 511 U.S. 318, 324 (1994)

Likewise, defendant's subjective understanding is irrelevant. Yarborough v. Alvarado, 541 U.S. at 668. "We do not ask police officers to consider these contingent psychological factors when deciding when suspects should be advised of their Miranda rights." Id. (Citations omitted).

Certainly, Investigator Vescio suspected that defendant was "alertexchief" when he told defendant, "We need you to come to the police barracks and answer some questions." There is also no doubt that the investigator's suspicions grew stronger during the course of the interrogation. After Investigator Vescio received the first call from the district attorney's office, confirming that

3

child pornographic images were found on defendant's computer, the investigator believed he had probable cause to make an arrest. However, the fact that the investigator may have believed at any given point that he had probable cause to arrest defendant does not mean the investigator was required to Mirandize defendant before asking further questions. See Stansbury v. California, 511 U.S. at 324. Because the investigator did not tell defendant what he had learned from the district attorney (namely, that the investigators had found child pornography on his computer), the defendant – or a reasonable person in defendant's shoes – might very well have believed he could talk his way out of the police barracks without being charged. Thus, when the investigator ask about additional drives and received the incriminating answer, defendant was not in custody for Miranda purposes.

Accordingly, all statements defendant made prior to being told he was going to be arraigned are admissible. Defendant's motion to suppress his statements is denied in its entirety.

This constitutes the decision and order of the Court.

September 4, 2008

Colleen McMahon
U.S.D.J.

4

BY FAX TO:

Andrew C Quinn
Quinn & Mellea, LLP
399 Knollwood Road
Suite 220
White Plains, NY 10603
914-997-0555
Fax: 914-997-0550
Email: qfmlaw@aol.com

John Denis Patten
John D Patten, Esq
30 Vesey Street
New York, NY 11694
(212)-962-1295
Fax: (212)-349-6369
Email: johnpatten@att.net

Nicholas Lloyd McQuaid
U.S. Attorney's Office, White Plains
300 Quarropas Street
White Plains, NY 10601
(914)-993-1936
Fax: (914)-682-3392